21885. WALLER et al. v. STATE HIGHWAY DEPARTMENT.

HEAD, Presiding Justice. 1. The testimony of one of the defendants shows that he did not examine the deed records to ascertain the width of the highway, nor did he procure anyone to examine such records. An examination of the recorded deed of the State would have revealed the line of the defendants' property. A duly recorded deed is constructive notice of the grantee's interest and title. "Constructive notice is notice to the world." Clark v. C. T. H. Corp., 181 Ga. 710 (1) (184 SE 592); Poore v. Poore, 210 Ga. 371, 372 (80 SE2d 294).

2. The defendant is not entitled to prevail upon his testimony that an employee of the State Highway Department measured off forty feet from the center line of the highway and advised him that he might construct his house on such measurement. No officer, agent, or employee of the State or the Highway Department is authorized to erroneously represent the State's ownership of land and bind the State by such misrepresentation. Code § 89-903; McCallum v. Almand, 213 Ga. 701 (100 SE2d 924). The State can be estopped from asserting its title to its property only by legislative enactment or resolution. Alexander v. State, 56 Ga. 478 (7); Booth v. State, 131 Ga. 750 (3) (63 SE 502); Standard Oil Co. of Kentucky v. State Revenue Commission, 179 Ga. 371, 376 (176 SE 1).

3. Under the ruling in Davidson v. State Highway Dept. of Ga., 213 Ga. 599 (100 SE2d 439), the judgment of the court in the present case does not violate the rule prohibiting mandatory injunctions.

Judgment affirmed. All the Justices concur.

SUBMITTED JANUARY 14, 1963—DECIDED FEBRUARY 7, 1963.

Emory L. Rowland, for plaintiffs in error.

Eugene Cook, Attorney General, Carter Goode, Assistant Attorney General, W. C. Brinson, contra.