### 26607. HILL et al. v. SMALL.

UNDERCOFLER, Justice. The question here is whether the board of directors of Pleasant Hills Acres, Inc., is authorized to issue stock therein in excess of 10,000 shares. The trial court declared that it could not and that the 3,800 shares involved in this litigation were void. The stockholders did not authorize such stock issue.

The original charter of Pleasant Hills Acres, Inc., contained the following provisions with respect to capitalization

and the issuance of stock: "4. The maximum number of shares shall be Ten Thousand (10,000), all of which shall be common stock with a par value of Ten Dollars ($10) per share. 5. The amount of capital with which the corporation shall begin doing business shall be at least Fifteen Thousand Dollars ($15,000). The corporation shall be authorized, upon a majority vote of the holders of the outstanding stock, to issue additional shares up to the maximum number of shares authorized."

In 1962 paragraph 5 of the charter was amended to read: "5. The amount of capital with which the corporation shall begin doing business shall be at least Fifteen Thousand Dollars ($15,000). The holder of said $10.00 Par Value Common Stock shall have no pre-emptive rights with respect thereto, and the Board of Directors may at any time, and from time to time, issue any number of such shares of $10 Par Value Common Stock, including options or warrants to purchase or debentures convertible into such stock, on such terms and in such quantities as it shall deem best, except that the total number of such shares issued and outstanding at any time shall not exceed 10,000 shares."

In 1964 paragraph 4 of the charter was amended to read: "4. The maximum number of shares shall be 20,000 all of which shall be common stock with a par value of $10.00 per share." *Held:*

1. The appellants contend that the 1964 amendment to paragraph 4 raising the capital stock to 20,000 shares, by implication also increased the limitation contained in paragraph 5 to 20,000 shares. We do not agree. "A corporation has only the power conferred upon it by its charter. Its grants of power and exemptions are to be strictly construed, and its obligations are to be strictly performed, whether they may be due to the State or to individuals." *South Western R. Co. v. Benton,* 206 Ga. 770 (58 SE2d 905).

"The charter of a corporation is in effect its constitution. Its powers in its control by stockholders and management by

its officers are to be found in its charter. Its grants of power and exemptions must be strictly construed, whether they be due to the State or individuals." *John P. King Mfg. Co. v. Clay*, 218 Ga. 382, 385 (128 SE2d 68).

It follows that the provisions of paragraph 5 of the charter authorizing the board of directors to issue stock "except that the total number of such shares issued and outstanding at any time shall not exceed 10,000 shares" is an express restriction on the board's authority to issue stock. As held by the trial court, the stockholders have the right to insist that the corporation act within the terms of its charter.

2. The appellants contend that the stock has already been issued and therefore the trial court's order grants mandatory relief. They contend also that the appellees have an adequate remedy at law. These contentions are without merit.

The order in the instant case is not mandatory. It merely holds that the stock issued in violation of the charter is void and it enjoins the directors from issuing further shares. The order does not require affirmative action. We do not reach the question as to the legality of mandatory injunctions. See *Code* § 55-110, repealed Ga. L. 1966, p. 609, as amended, Ga. L. 1967, p. 226 (*Code Ann.* § 81A-201). See *Cason v. Upson County Board of Health*, 227 Ga. 451 (181 SE2d 487).

The issue of stock in the instant case gives the individual appellants a majority of the stock. In our opinion there is no adequate remedy at law. *Oliver v. Oliver*, 118 Ga. 362, 369 (45 SE 232).

*Judgment affirmed. All the Justices concur.*
ARGUED JULY 13, 1971—DECIDED SEPTEMBER 8, 1971.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, John W. Chambers,* for appellants.

*Hansell, Post, Brandon & Dorsey, Gary W. Hatch, F. T. Davis, Jr.,* for appellee.