27379.   MUGGRIDGE et al. v. STATE HIGHWAY DEPARTMENT.

ARGUED SEPTEMBER 11, 1972—DECIDED OCTOBER 5, 1972— REHEARING DENIED NOVEMBER 9, 1972.

*Smith & Hargrove, William E. Smith,* for appellants.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Assistant Attorney General, Marshall R. Sims, Roland F. Watson, Deputy Assistant Attorneys General, Seay & Sims, John Sims,* for appellee.

NICHOLS, Justice. In view of the stipulated facts and undisputed evidence, in order for the claimants to recover, a

finding must have been authorized that the State Highway Department had abandoned the area covered by the encroachment.

Whether the conveyance from Stevens to the State Highway Board was a deed granting fee simple title or was merely the grant of an easement is immaterial to a decision of the case sub judice. In either event the construction and maintenance of a roadway running the distance of the strip of land, but not extending the full width of the conveyed strip of land would constitute an acceptance of the whole tract and would prevent any adverse possession of the undeveloped area from ripening into prescriptive title, and the mere nonuse of the full width of the tract by the public would not constitute an abandonment of any portion thereof. See *R. G. Foster & Co. v. Fountain,* 216 Ga. 113 (114 SE2d 863); *State Hwy. Dept. v. Strickland,* 214 Ga. 467 (105 SE2d 299). Accordingly, the judgment granting the defendant's motion for summary judgment was not error.

■ The sole remaining enumeration of error to be considered complains that the effect of the judgment was to grant a mandatory injunction which it is alleged is contrary to law. The judgment rendered would require the claimants to remove the encroachments.

Under the decisions exemplified by *Davidson v. State Hwy. Dept.,* 213 Ga. 599 (1) (100 SE2d 439) and *Waller v. State Hwy. Dept.,* 218 Ga. 605 (129 SE2d 772), the injunction granted in this case was not mandatory even if the repeal of *Code* § 55-110 (Ga. L. 1967, pp. 226, 244) had the effect of no longer prohibiting mandatory injunctions. See *Cason v. Upson County Board of Health,* 227 Ga. 451 (181 SE2d 487); *Hill v. Small,* 228 Ga. 31 (183 SE2d 752).

*Judgment affirmed. All the Justices concur.*