## 50047. MARTIN v. HALL COUNTY.

QUILLIAN, Judge.

The plaintiff, appellant here, filed his complaint against Hall County, Georgia, J. W. Bowers and Terry Jones, seeking an injunction against alleged trespass by the defendants on the property of the plaintiff. Defendant filed an answer to the complaint and a motion to dismiss. The plaintiff then filed a supplemental complaint which deleted the prayers for injunctive relief, dismissed Bowers and Terry Jones as party defendants, and sought additional damages. The defendants duly filed an amended answer to this complaint.

In this action the plaintiff seeks recovery of damages from the defendant Hall County for the taking of his property without due process of law and the payment to him of just and adequate compensation.

Defendants filed a motion for summary judgment to which the plaintiff filed a response. Affidavits, admission and pleadings were considered by the trial judge who found no genuine issue of material fact and granted the defendants' motion for summary judgment. Thereupon, the plaintiff appealed to this court.

A brief summation of the facts giving rise to this case are as follows.

On April 5, 1937, Mr. Emory S. Peck conveyed a portion of his land to the defendant county as a part of the right-of-way for the Gainesville-Cumming Public Road. The deed described this tract as being thirty feet wide when measured from a certain described centerline and further described the property by referencing a plat. Consideration was one dollar and the benefit to Mr. Peck's property from the construction and maintenance of the road. This deed was recorded on May 17, 1937.

On February 22, 1938, Mr. Peck conveyed the tract, from which the county's parcel came, to Mrs. J. T. Little. Without referencing the county's deed, Mrs. Little conveyed the tract to the plaintiff on December 9, 1963.

In 1972, prior to beginning construction of a passing lane on Brown's Bridge Road, the then State Highway Department (now Department of Transportation) notified the plaintiff that he would have to remove a sign

advertising his business from the Brown's Bridge Road right-of-way. When the appellant failed to remove the sign, it was removed and placed upon plaintiff's property, and the additional construction was begun on Brown's Bridge Road.

The plaintiff then filed this action and because Brown's Bridge Road is a state-aid road, the plaintiff brought the Department of Transportation into the case by having second original process served upon the department. *Held:*

1. The plaintiff contends that the instrument purporting to convey the right-of-way to the defendants was inadequate: (1) because the deed contained alterations and inconsistencies, (2) the description in the deed was so vague as to be ineffective in conveying any interest in land, and (3) there was a failure of consideration. We note as far as the record reveals these issues were not raised in the lower court. Nevertheless as held in *Collins v. Boring,* 96 Ga. 360 (3) (23 SE2d 401): "In the absence of a statutory affidavit of forgery, the law will presume, in favor of a duly registered deed, that it was executed as offered in evidence and if alterations appear to have been made therein, it will be presumed that such alterations were made at or before the time of its execution." See *Gilmer v. Harrison,* 146 Ga. 721 (2) (92 SE2d 67); *Buck v. Kitchens,* 155 Ga. 721 (1) (118 SE 51). The description was not subject to the attack made on it and the consideration recited in the deed was sufficient. See *Martin v. White,* 115 Ga. 866, 868 (42 SE 279); *Nathans v. Arkwright,* 66 Ga. 179 (1a); *Harry v. Griffin,* 210 Ga. 133 (78 SE2d 37).

2. The plaintiff contends that there was an issue raised as to whether the property had been abandoned by the defendant and thus there was a reversion of the property. It is true as held in *Jackson v. Chatham County,* 225 Ga. 41 (170 SE2d 418) that the question of abandonment may be a mixed one of law and fact and is for the jury whenever the evidence is in conflict.

Nevertheless, as held in *Muggridge v. State Hwy. Dept.,* 229 Ga. 670, 672 (193 SE2d 849): "Whether the conveyance from Stevens to the State Highway Board was a deed granting fee simple title or was merely the grant of

an easement is immaterial to a decision of the case sub judice. In either event the construction and maintenance of a roadway running the distance of the strip of land, but not extending the full width of the conveyed strip of land would constitute an acceptance of the whole tract and would prevent any adverse possession of the undeveloped area from ripening into prescriptive title, and the mere nonuse of the full width of the tract by the public would not constitute an abandonment by any portion thereof." Accord, *State Hwy. Dept. v. Strickland,* 214 Ga. 467 (105 SE2d 299), which pointed out that mere nonuse of the strip in its entirety is insufficient to show abandonment of a piece of property as a highway location.

3. The defendants contend there was an issue of fact as to whether the new road was built on land belonging to the highway or whether it extended beyond 30 feet from the center line of such highway. The defendants came forward with an affidavit which established that the work was performed within the bounds of the property composing the right-of-way. The plaintiff failed to come forward with any proof serving to contradict such evidence. In such case the pleadings were pierced and upon the plaintiff's failure to rebut the evidence offered, the grant of a summary judgment was proper.

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

ARGUED JANUARY 9, 1975 — DECIDED
MAY 12, 1975.

*Johnson & Casper, Hammond Johnson, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, Roland F. Matson, Assistant Attorney General,* for appellee.