A02A0963. MOODY et al. v. DEGGES et al.
(573 SE2d 93)

JOHNSON, Presiding Judge.

This is an action filed by Donald Moody and Kathleen Burke (referred to collectively as "Moody") under OCGA § 44-9-1, seeking to protect and continue their use of private ways they contend were created by prescription. The record shows that Moody purchased a tract of land in Cherokee Meadows subdivision in September 1986.

Moody used this property regularly as a weekend and summer home until August 1999, when Donald and Martha Degges (referred to collectively as "Degges") purchased the neighboring tract and a dispute arose concerning Moody's entitlement to use Degges' property.

When Degges purchased his property, there was an eight-foot-wide dirt road leading from Indian Circle, the subdivision road on which the parties' homes are located, to Lake Lanier. This road is located entirely on Degges' property, starting on his property at Indian Circle and ending on his property in a grassy field. Moody used this dirt road to get from Indian Circle, across Degges' property, to the United States Army Corps of Engineers ("U. S. Corps of Engineers") property adjacent to Lake Lanier, where Moody accesses his dock on Lake Lanier. He also used the dirt road to travel between the front and back of his own property. The record further shows that Moody cleared the roadway of fallen trees and debris and mowed the field area of Degges' property after obtaining a mowing permit from the U. S. Corps of Engineers allowing him to maintain the land adjacent to the lake.

In addition, although Moody was aware of the location of the property line, he built a flagstone patio and a flower or butterfly garden, surrounded by a stone retaining wall, on Degges' property. Moody brought in several tons of fill dirt and a drainage pipe to make the area around the patio and garden less susceptible to erosion.

Degges was aware before purchasing his property that Moody used portions of his land. He discussed with Moody the option of allowing him to purchase the portion of the land he used, but no agreement was reached. In September 1999, Degges blocked access to the dirt road at its intersection with Indian Circle. However, Moody continued to use the dirt road and patio. According to Moody, he would remove the cable across the dirt road, pull up the stake holding the silt fence across the field, use the road, and then replace the stake and cable. It is not clear from the record whether Degges had any knowledge that Moody was still using his property. In May 2000, Degges began construction on his land and erected a silt fence along the entire property line, effectively blocking Moody's use of the dirt road and the patio.

Moody filed this action under OCGA § 44-9-1, seeking to protect and continue his use of the dirt road and patio. After both parties moved for summary judgment, the trial court entered an order which (1) granted summary judgment to Degges with respect to the patio, (2) found a question of material fact as to the "top section" of the dirt road near Indian Circle, and (3) granted summary judgment to Degges with respect to the "bottom section" of the dirt road near the grassy field. Moody appeals this order. For purposes of this opinion, we adopt the trial court's description of various portions of the prop-

erty. The trial court used the term "top section" to denote the portion of the alleged right of way between Indian Circle and the patio. The term "bottom section" denotes the portion of the alleged right of way between the patio and the U. S. Corps of Engineers property adjacent to Lake Lanier.

OCGA § 44-9-1 provides, in pertinent part, that a "right of private way over another's land may arise from . . . prescription by seven years' uninterrupted use through improved lands or . . . by implication of law when the right is necessary to the enjoyment of lands granted by the same owner." The elements of "prescription" in OCGA § 44-9-1 are analogous to the elements of adverse possession found in OCGA § 44-5-161, namely, that the use must be public, continuous, exclusive, uninterrupted, peaceable, and accompanied by a claim of right.[1] The use must also be adverse rather than permissive.[2] In order to establish the existence of a private way, Moody must show the following: (1) that he has been in uninterrupted use of the alleged private way for seven years or more; (2) that the private way does not exceed twenty feet in width, and that it is the same twenty feet originally appropriated; and (3) that he has kept the private way in repair during the period of use.[3]

To allow a person to acquire prescriptive rights over the lands of another is a harsh result for the burdened landowner. Thus, Georgia courts have strictly construed the elements of OCGA § 44-9-1 against the party who asserts a right of entry over the lands of another.[4] If the prescriber fails to show any of the elements necessary to establish prescriptive rights, he cannot recover.[5]

1. Moody contends the trial court erred in granting summary judgment to Degges with respect to the patio or butterfly garden. According to Moody, the trial court erroneously found that the patio did not constitute a private way. We disagree.

While Moody claims that the patio area was built to allow access from his dock to the dirt road, the record shows that Moody refers to the area as the "patio" or "butterfly garden." Moody and his wife drew the plans and built the patio themselves; his wife laid the stones for the patio. According to Moody, the patio was built to solve an erosion problem, and Burke testified that it was built to dry up a muddy area and keep the children from tracking mud into the house. Neither of these uses is as a path to the lake.

---

[1] *Roylston v. Conway*, 251 Ga. App. 648, 653 (2) (555 SE2d 28) (2001).

[2] *Chandler v. Robinson*, 269 Ga. 881, 883 (2) (506 SE2d 121) (1998).

[3] *Stover v. Tipton*, 252 Ga. App. 427, 429 (555 SE2d 151) (2001); *Lee v. Collins*, 249 Ga. App. 674, 676 (3) (547 SE2d 583) (2001).

[4] *Trednick v. Kramer*, 190 Ga. App. 684, 685 (379 SE2d 633) (1989).

[5] *Eileen B. White & Assoc. v. Gunnells*, 263 Ga. 360 (434 SE2d 477) (1993).

In discussing rights to private ways, Georgia law speaks in terms of roads and paths. A patio or garden is neither. The evidence presented on this issue is more relevant to a showing of adverse possession as contemplated in OCGA § 44-5-60 et seq., however, and Moody cannot meet the statutory time requirement to show adverse possession. The trial court correctly held that the patio area or butterfly garden did not constitute a private way for purposes of OCGA § 44-9-1 and correctly granted Degges' motion for summary judgment as to this area.

2. Moody contends the trial court erred in dividing the dirt road from Indian Circle to the U. S. Corps of Engineers property into two sections and in requiring him to establish the prescription requirements for a private way to both sections separately. We disagree. The Supreme Court of Georgia has recognized that partial tracts may be acquired by prescription, as long as the evidence identifies the part which is in possession and distinguishes it from the part which is not.[6] In fact, in one case, the Supreme Court affirmed the trial court's ruling that a party had acquired an easement by prescription only to the northernmost ten feet of part of an alley.[7]

For purposes of its summary judgment order, the trial court divided the dirt road into two distinct sections: (1) the portion of the dirt road that begins at Indian Circle and ends where the patio or butterfly garden intersects it (the "top section") and (2) the portion of the road that begins at the patio or butterfly garden and ends at the U. S. Corps of Engineers property (the "bottom section"). These divisions are consistent with the evidence of use and prescription in the record. It is clear from the record that Moody used the top section far more frequently than the bottom section of the dirt road and that he made repairs to the top section of the dirt road.

(a) With respect to the top section, the evidence concerning this section is in conflict. First, there is a dispute regarding when Degges notified Moody that he was not permitted to use the dirt road. Degges contends that upon purchasing his property in August 1999, he gave notice to Moody to stop accessing his property. Moody contends he did not know of any objection to his use of the property until May 2000, although he does admit that in August 1999, Degges requested he sign a piece of paper allowing him to use the dirt road but forfeiting any claims of ownership he might have to the dirt road. He also admits in his deposition that the dirt road was first blocked in September 1999. While these facts may, in fact, show that Moody failed to meet the statutory time requirement to obtain a right of way by

---

[6] See *Ga. Power Co. v. Irvin*, 267 Ga. 760, 764 (1) (a) (482 SE2d 362) (1997).

[7] See *Forehand v. Carter*, 270 Ga. 534, 535 (2) (512 SE2d 611) (1999).

prescription, we believe the trial court properly determined that the overall evidence created a question of material fact for the jury to resolve.

There is also a dispute about what repairs were made to the top section of the dirt road and when they were done. Moody's affidavit states he graded the area and had fill dirt brought in as early as 1992. However, there is a receipt for and evidence of grading and the addition of a large amount of fill dirt in May 1993. In addition, it is unclear from the evidence presented on appeal whether Moody graded and cleared the entire top section of the dirt road or merely the area surrounding the patio and garden.

Depending on when the significant repairs occurred and when notice of an objection was given, Moody may or may not have met the statutory time requirement to obtain a right of way by prescription. Moreover, depending on where Moody's significant repairs took place, Moody may or may not have met the notice requirement to obtain a right of way by prescription. The jury must find the facts; the court must decide if the facts found by the jury are legally sufficient to support an acquisition of property rights by prescription.[8] The trial court correctly ruled that these questions of fact are questions for a jury.

(b) As for the bottom section of the dirt road, the record is devoid of any evidence beyond mere use which would support the notice requirement. Unlike the top section, there is no evidence in the record that Moody made any repairs or significant improvements to the bottom section of the dirt road. Mere use is not sufficient to acquire a right of way by prescription; it is necessary that the owner is given notice that the user intended to use the land as his own.[9]

Here, the record shows that Moody routinely cut across Degges' property from this backyard in order to get down to his dock on the lake. However, the only maintenance done related to the bottom section was that Moody mowed the grass on the U. S. Corps of Engineers property adjacent to the lake and his dock. Nothing was done to the road itself which would put Degges on notice of a claim to a right of way by prescription. The evidence showing Moody's use of the dirt road as the only notice given to the landowner fails to prove that Degges was apprised of Moody's adverse claim.[10] Moreover, while this ruling effectively denies Moody the use of the dirt road to access his dock, Moody admits that he can still access his dock using other "more convoluted" routes across his own property. The trial court did

---

[8] See *Ga. Power Co.*, supra at 766 (2).

[9] *Eileen B. White*, supra at 362.

[10] See id.; *Chota, Inc. v. Woodley*, 251 Ga. 678 (309 SE2d 132) (1983).

not err in granting Degges' motion for summary judgment as to the bottom section of the dirt road.

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED OCTOBER 8, 2002 —
RECONSIDERATION DENIED OCTOBER 23, 2002

*Smith, Gilliam, Williams & Miles, John H. Smith, Scott A. Wallace*, for appellants.

*Maddox, Cummings, Kelley & Bishop, W. Andrew Maddox*, for appellees.