A06A1036. A & H SOD, INC. et al. v. JOHNSON et al.

(630 SE2d 851)

MIKELL, Judge.

A & H Sod, Inc., Hale Financial Company, and Burt Development Company ("appellants") appeal to this Court seeking the reversal of the lower court's order denying declaratory relief under OCGA § 9-4-1. For the reasons set forth below, we affirm.

In 1999, appellees Roy Roland, W. F. Griffin, and Robert Hardin, members of the Lee County Board of Tax Assessors (collectively the "tax assessors"),[1] increased the ad valorem value of appellants' 29 acres in Lee County from approximately $15,000 to $48,000 per acre. The parties stipulated that, although appellants filed timely written notices of arbitration with the tax assessors under OCGA § 48-5-311 (e) (1) (A) and (f) in each of the years 1999, 2001, 2002, and 2003, the notice of arbitration was never certified to the clerk of the superior court by the tax assessors, as required under OCGA § 48-5-311 (f) (2). Nonetheless, appellants paid the increased ad valorem taxes for each of the years involved.

By their complaint filed August 24, 2004, appellants sought a declaratory judgment from the superior court, seeking to have the increased ad valorem tax valuation on their property for the years 1999, 2001, 2002, and 2003 declared null and void. Following an evidentiary hearing, the superior court denied declaratory judgment in its order of November 14, 2005, finding that there was no actual controversy wherein the rights of a party needed to be clarified or protected prior to a violation of those rights or a repudiation of an obligation.

In their two enumerations of error, appellants assert that the trial court erred, first, in denying their complaint for declaratory judgment and, second, in failing to rule on the merits of the complaint and in failing to rule that appellants were entitled to relief. Because this Court finds no error in the trial court's ruling that appellants

---

[1] Also named as a defendant in this case is Martha C. Johnson, Lee County Tax Commissioner.

have no right to a declaratory judgment where the rights of the parties have already accrued, it is necessary to address only the first enumerated error raised by appellants.

Declaratory judgment relief looks to the future. "The object of the declaratory judgment is to permit determination of a controversy before obligations are repudiated or rights are violated."[2] "To proceed under a declaratory judgment a party must establish that it is necessary to relieve himself of the risk of taking some future action that, without direction, would jeopardize his interests."[3] Only where a party "walking in the dark [needs] to turn on the light before he steps rather than after he has stepped in a hole," may declaratory relief be granted.[4] Where the rights of the parties have already accrued, and the parties do not run the risk of taking future undirected action which might jeopardize their interests, a declaratory judgment is inappropriate.[5]

Because appellants have already paid the taxes for the years in question, an action for declaratory judgment, which necessarily looks to the future, will not lie.[6] Appellants' reliance on *Moreton Rolleston, Jr. Living Trust v. Glynn County Bd. of Tax Assessors*[7] is misplaced. In *Rolleston*, after the tax assessors failed to respond to the taxpayer's notice of appeal within the statutory time period, which expired in March 1996, appellants sought relief from their reassessment in a timely manner, filing a complaint for declaratory relief on June 17, 1996.[8] Here, appellants waited until August 24, 2004, to seek declaratory relief for a reassessment that took effect in 1999, having paid, in the meantime, the taxes assessed.

---

[2] *Rowan v. Herring*, 214 Ga. 370, 374 (105 SE2d 29) (1958); accord *Loyd v. City of Irwinton*, 142 Ga. App. 626 (1) (236 SE2d 889) (1977) (declaratory judgment inappropriate where party to a land dispute was not "in danger of repudiating any of its obligations or suffering a violation of its rights in the absence of a declaratory judgment").

[3] (Citation and punctuation omitted.) *Plantation Pipe Line Co. v. Milford*, 257 Ga. App. 709, 712 (1) (572 SE2d 67) (2002) (declaratory judgment not proper where the rights of the parties have already accrued).

[4] (Citations and punctuation omitted.) *Farm & Home Life Ins. Co. v. Skelton*, 235 Ga. App. 507, 508 (510 SE2d 76) (1998).

[5] *Plantation Pipe Line Co.*, supra; *Farm & Home Life Ins. Co.*, supra. Compare *Smith v. Jones*, 278 Ga. 661, 662 (1) (604 SE2d 187) (2004) (declaratory relief appropriate to resolve an ongoing conflict regarding re-entry rights to property); *Adams v. City of Ila*, 221 Ga. App. 372, 373 (2) (471 SE2d 310) (1996) (declaratory judgment to determine title to a right-of-way appropriate where alleged property owner interfered with city's proposed gas main project).

[6] *Sapp v. ABC Credit & Investment Co.*, 243 Ga. 151, 159 (5) (253 SE2d 82) (1979).

[7] 228 Ga. App. 371 (491 SE2d 812) (1997) (physical precedent only).

[8] Id. at 371-372.

In affirming the trial court's ruling that appellants are not entitled to a declaratory judgment in this matter, this Court makes no determination as to any other remedies that may or may not be available to them.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED MAY 8, 2006.

*Burt & Burt, Hilliard P. Burt,* for appellants.
*Ramon J. Fajardo,* for appellees.