**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 6, 2020**

# In the Court of Appeals of Georgia

A19A2097, A19A2098. SORROW v. 380 PROPERTIES, LLC; and
vice versa.

REESE, Judge.

This dispute involves easement rights in an alley in Midtown Atlanta. Plaintiff 380 Properties, LLC (the "Plaintiff"), filed suit against Defendant Lori Sene Sorrow ("Sorrow") after she refused to remove a "pole barn" that encroached on the Plaintiff's property and a "garden" of rocks, trees, and shrubs that blocked the Plaintiff's access to Fourteenth Street. Sorrow counterclaimed, alleging, inter alia, that the Plaintiff had abandoned its easement rights to a portion of the alley and that she had obtained a prescriptive easement regarding another portion.

The Superior Court of Fulton County granted partial summary judgment in favor of the Plaintiff on Sorrow's abandonment counterclaim, finding that, even if

Georgia law recognized partial abandonment of an easement, Sorrow had only shown nonuse. The court also denied, inter alia, cross-motions for summary judgment on the Plaintiff's affirmative unclean hands defense to Sorrow's counterclaim for a prescriptive easement. Both parties appeal. For the reasons set forth infra, we affirm.

Because this opinion addresses cross-motions for summary judgment, we will construe the facts in favor of the nonmoving party as appropriate.[1] So construed, the record shows that Sorrow lived in a residence on the south side of an alley running east-west between State Street and Mecaslin Street. Sorrow and her parents had owned this property since 1990.

In late 2013, the Plaintiff purchased property located on the north side of the alley. A few months later, the Plaintiff filed suit against Sorrow, alleging claims for continuing trespass, ejectment, and public nuisance on the grounds that Sorrow had refused to remove a garage (the "pole barn") and automobile that encroached on the Plaintiff's property, as well as a fence and "garden" of rocks, trees, and shrubs that blocked the Plaintiff's access to the alley. In her second amended counterclaim, Sorrow sought a declaration that she had an easement to use the alley to Mecaslin Street, alleged that the Plaintiff had abandoned its easement rights to use the alley to

---

[1] *Brown v. Sapp*, 351 Ga. App. 352 (829 SE2d 169) (2019).

access State Street, and asserted claims of prescriptive easement and adverse possession.

The parties filed cross-motions for summary judgment. After a hearing, the trial court entered an order on April 28, 2017, denying both parties' motions. Specifically, the court found that the deposition of a former owner of neighboring property, the second deposition of Sorrow, and other evidence of record, raised questions of material fact as to all of the claims and counterclaims. The court also denied the Plaintiff's motion for partial summary judgment as to its defense of unclean hands against Sorrow's counterclaims.

Eight months later, the court entered an order on December 21, 2017. The court granted the Plaintiff's motion for partial summary judgment. Specifically, the court found no legal support for Sorrow's claim of partial abandonment and, alternatively, found that her evidence of nonuse was insufficient. The court denied Sorrow's motion for partial summary judgment on the Plaintiff's unclean hands defense, finding a genuine issue of material fact remained. Sorrow appealed from both summary judgment orders, and the Plaintiff filed a cross-appeal from the April 2017 order.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law."[2] "We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant."[3] With these guiding principles in mind, we turn now to the parties' claims of error.

*Case No. A19A2097*

1. Sorrow argues that the trial court erred in relying on dicta from our decision in *905 Bernina Avenue Cooperative v. Smith/Burns LLC*[4] to conclude that an easement cannot be partially abandoned.

---

[2] *Postnieks v. Chick-fil-A*, 285 Ga. App. 724, 725 (647 SE2d 281) (2007) (citing OCGA § 9-11-56 (c)).

[3] See *Brown*, 351 Ga. App. at 352 (citation and punctuation omitted).

[4] 342 Ga. App. 358, 372 (4) (802 SE2d 373) (2017) ("In considering [the defendants' argument that the plaintiff had partially abandoned the portion of an alley on which the defendants built a garden], we assume without deciding that it is possible for one to abandon a portion of an express easement in a private alley that arose under the circumstances of this case.").

4

The trial court relied on our decision in *Plantation Pipe Line Co. v. Milford*,[5] which we cited in *905 Bernina Avenue Cooperative*.[6] In *Plantation Pipe Line Co.*, the trial court found that a petroleum pipeline company had abandoned a portion of its easement.[7] We reversed, holding that there was no basis for the declaratory judgment action because the rights of the parties had already accrued.[8] We then held that "even if this matter were appropriate for a declaratory judgment action, the decision made by the trial court regarding whether Plantation abandoned the interior of its 10-inch pipeline was clearly erroneous."[9] First, there was "no evidence of any intent by [the company] to do anything but use and maintain its entire easement[.]"[10] Further, "[t]he trial court cite[d] no authority for the proposition that an express easement may be

---

[5] 257 Ga. App. 709 (572 SE2d 67) (2002).

[6] See *905 Bernina Avenue Coopeartive*, 342 Ga. App. at 372 (4); see also 1 Pindar's Ga. Real Estate Law & Procedure § 8:31, n. 1 (6th ed. 2004) ("An express easement may not be partially abandoned.") (cited in *905 Bernina*).

[7] *Plantation Pipe Line Co.*, 257 Ga. App. at 712.

[8] Id. at 712 (1).

[9] Id. at 712 (2).

[10] Id. at 713 (2) (a).

5

partially abandoned. We have found none, but there is ample authority to the contrary."[11]

Pretermitting whether this last ruling in *Plantation Pipe Line* is dicta, Sorrow has failed to provide any authority holding that an express easement can be partially abandoned. We decline to extend case law recognizing that "a partial tract may be acquired by prescription"[12] to allow partial abandonment. We thus find no error to the extent that the trial court concluded that "Georgia law does not recognize partial abandonment of an express easement."

2. Sorrow contends that the trial court erred in finding that she had only presented evidence of nonuse and argues that the Plaintiff abandoned its easement as a matter of law. Relying primarily on a 1930 decision,[13] she asserts error because the undisputed evidence showed that, "for more than [30] years (1) the alley was physically obstructed by the owners and occupants of [Sorrow's property]; (2) there

---

[11] Id. at 713 (2) (b).

[12] See *Ga. Power Co. v. Irvin*, 267 Ga. 760, 764 (1) (a) (482 SE2d 362) (1997) ("This Court has recognized that even a partial tract may be acquired by prescription, so long as the boundaries are clearly defined, i.e., where the evidence identifies the part which is in possession and distinguishes it from the part which is not.").

[13] See *Tietjen v. Meldrim*, 169 Ga. 678 (151 SE 349) (1930).

6

was nonuse of that portion of the alley by the owners and occupants of [the Plaintiff's property], and (3) the use of that portion of the alley was exclusive to [Sorrow's property]."

The parties do not dispute that the easements at issue here were acquired by grant. "Where an easement of way has been acquired by grant, the doctrine of extinction by nonuser does not apply; and mere nonuser without further evidence of an intent to abandon such easement will not constitute an abandonment."[14] Although Sorrow argues that "*Tietjen v. Meldrim*[[15]] identifies three elements of obstructed access/nonuse abandonment," we do not read *Tietjen* as establishing such a test, and we note that the quote from *Tietjen* in Sorrow's brief is incomplete.

Including the omitted (emphasized) language immediately surrounding the text on which Sorrow relies, *Tietjen* states:

> [A]n easement of way, acquired by grant, will not be lost by nonuser for any length of time, unless there is clear and unequivocal evidence of an intention to abandon it. Furthermore, no presumption of abandonment arises from mere nonuser for a time less than that required for the perfection of the easement by prescription. *When, however, such*

---

[14] *Sadler v. First Nat. Bank of Baldwin County*, 267 Ga. 122, 123 (2) (475 SE2d 643) (1996) (citation and punctuation omitted).

[15] 169 Ga. at 700.

7

*nonuser is accompanied by acts manifesting a clear intent to abandon, and which destroy the object for which the easements were created or the means of their enjoyment, an abandonment will take place. The evidence to establish a forfeiture of an easement by abandonment or nonuser must be decisive and unequivocal. Such an easement will be lost when expressly abandoned by the owner. Again, a party entitled to a right of way over land of another may abandon and extinguish such rights by acts in pais, and without deed or other instrument in writing; but the acts relied on as evidence of the intent to abandon must be of a clear, unequivocal, and decisive character.* In order to extinguish an easement created by grant, there must be some conduct on the part of the owner of the servient estate adverse to, and in defiance of, the easement, and the nonuse must be the result of it, and must continue for the statutory period of limitation*; or, to produce this effect, the nonuse must originate in, or be accompanied by, some unequivocal acts of the owner, inconsistent with the continued existence of the easement, and showing an intention on his part to abandon it; and the owner of the servient estate must have relied or acted upon such manifest intention to abandon the right, so that a subsequent assertion of it would work him injury.*[16]

In sum, *Tietjen* requires a "clear intent to abandon," "decisive and unequivocal[

]" evidence of forfeiture, and, the acts relied upon as evidence "must be of a clear,

---

[16] *Tietjen*, 169 Ga. at 699-700 (citations and punctuation omitted; emphasis supplied).

unequivocal, and decisive character."[17] Thus, to avoid partial summary judgment on this issue, Sorrow was "required to point to evidence that [the Plaintiff] either expressly abandoned its easement in the alley or engaged in conduct, beyond mere nonuse, that was tantamount to an express abandonment."[18] The Plaintiff's inclusion of the obstructions to the alley in its rezoning plans, which the Plaintiff submitted to the City of Atlanta after it filed the complaint in the superior court and before the court ruled on the Plaintiff's claims, do not suggest an intention to abandon.[19] Because Sorrow failed to present evidence showing intent, we find no error in the trial court's alternative ruling.

---

[17] *Tietjen*, 169 Ga. at 699-700.

[18] *905 Bernina Avenue Cooperative*, 342 Ga. App. at 372 (4) ("Although intent to abandon an easement often is an issue for the factfinder, the issue can be resolved on summary judgment if there is not clear, unequivocal, and decisive evidence of intent."). But see *Duffy St. S. R. O. v. Mobley*, 266 Ga. 849, 849-850 (1) (471 SE2d 507) (1996) (affirming denial of motion for a new trial because the jury was authorized to find that an easement had not been used from sometime in the 1960s until 1991 and that access to the dominant property had been barred by a fence).

[19] Cf. *Donald Azard, Inc. v. Muche*, 326 Ga. App. 726, 729 (1) (761 SE2d 345) (2014) (Evidence was sufficient to show abandonment where, in addition to evidence of non-use, a lot owner consented to improvements in a closed alley, including cross ties, parking spaces, and utility lighting, and supported a re-zoning plan that included fencing and other encroachments in the alley.).

3. Sorrow argues that the trial court erred in denying her motion for summary judgment with respect to the Plaintiff's affirmative defense of unclean hands because there was no direct relationship between the citations the City of Atlanta issued to her and her equitable claims for easement abandonment, adverse possession, and prescriptive easement.

> "Unclean hands" is a shorthand reference to OCGA § 23-1-10, which states, "He who would have equity must do equity and must give effect to all equitable rights of the other party respecting the subject matter of the action." However, relief is precluded only if the inequity so infects the cause of action that to entertain it would be violative of conscience.[20]

Further, "under the unclean hands doctrine, the alleged wrongdoing must be directly related to the claim against which unclean hands is asserted."[21]

The Plaintiff argues that Sorrow has violated zoning and permitting regulations in erecting and maintaining the fence and pole barn and engaged in a "pattern" of illegal behavior and thus should not be granted equitable relief. Construed in the light most favorable to the Plaintiff, as the non-moving party, the trial court did not err in

---

[20] *100 Trail Trust v. Bank of America*, 342 Ga. App. 762, 766-767 (2) (804 SE2d 719) (2017) (citation and punctuation omitted).

[21] Id. at 767 (2) (citations and punctuation omitted).

denying Sorrow's motion. "[W]hether [Sorrow] ha[s] acted inequitably is a question of fact not amenable to summary judgment."[22]

4. Sorrow contends that the trial court erred in denying her motion for summary judgment with respect to her easement rights from the rear of her property through to Mecaslin Street. Construed in the light most favorable to the Plaintiff, as the non-movant, the evidence supported the trial court's decision that the evidence raised questions of material fact.[23]

5. Sorrow argues that the trial court erred in denying summary judgment on her adverse possession and prescriptive easement claims. We find no error.[24] Accordingly, we affirm the judgment in Case No. A19A2097.

*Case No. A19A2098*

6. In the cross-appeal, the Plaintiff argues that it was entitled to summary judgment on its defense that Sorrow was barred from relief due to unclean hands.

---

[22] *Schoenbaum Ltd. Co. v. Lenox Pines*, 262 Ga. App. 457, 473 (10) (585 SE2d 643) (2003).

[23] See *Brown*, 351 Ga. App. at 352.

[24] See *Irvin*, 267 Ga. at 762-764 (1) (discussing exclusive and hostile possession elements of adverse possession claim); *McGregor v. River Pond Farm*, 312 Ga. App. 652, 655 (2) (719 SE2d 546) (2011) (discussing claim for prescriptive easement where the use was originally permissive).

11

We agree with the trial court that our decision in *Hollifield v. Monte Vista Biblical Gardens* is distinguishable.[25] As we held in Division 3, supra, whether Sorrow has acted inequitably is a question of fact not appropriate for summary judgment.[26]

7. Alternatively, the Plaintiff contends that it was entitled to summary judgment on Sorrow's prescriptive easement claim because her claim was based solely on her alleged use of the portion of the property and she testified that her official notice that she was trying to acquire prescriptive title was her amended counterclaim.

OCGA § 44-9-1 provides in part: "The right of private way over another's land may arise from . . . prescription by seven years' uninterrupted use through improved lands[.]" "Mere use is not sufficient to acquire a right of way by prescription; it is

---

[25] See 251 Ga. App. 124, 125-128 (1) (a) (553 SE2d 662) (2001) (affirming summary judgment in an action for ejectment and holding that the defendant's unclean hands barred his estoppel defense because the defendant had "put himself in this position with unclean hands with recklessness and knew that he was violating the county building code in building too close to his property line" and failing to obtain a survey before acting).

[26] See *Schoenbaum Ltd. Co.*, 262 Ga. App. at 473 (10).

12

necessary that the owner is given notice that the user intended to use the land as his own."[27]

Sorrow testified not just that she used the portion of the property in question, but that she repaired and maintained it. The trial court thus did not err in finding that a question of fact remained on Sorrow's prescriptive easement claim.[28] Accordingly, we affirm the judgment in Case No. A19A2098.

*Judgment affirmed. Miller, P. J., and Rickman, J., concur.*

---

[27] *Moody v. Degges*, 258 Ga. App. 135, 139 (2) (b) (573 SE2d 93) (2002).

[28] Cf. *Moody*, 258 Ga. App. at 139 (2) (b) (Summary judgment was appropriate on a prescriptive easement claim where "the only maintenance done . . . was that [the plaintiff] mowed the grass on the . . . property adjacent to the lake and his dock. Nothing was done to the [dirt] road [across the defendant's property that the plaintiff used to get to the lake] which would put [the defendant] on notice of a claim to a right of way by prescription.").