## 29327. GILBERT v. REYNOLDS.

INGRAM, Justice.

This case concerns a dispute involving the use of an alley located between the property of the plaintiff and the property of the defendant in Bainbridge, Decatur County,

Georgia. After a hearing the trial court temporarily enjoined the defendant from interfering with plaintiff's use of the alley and subsequently entered a summary judgment in favor of the plaintiff's continued use of the alley, along with the defendant, from which judgment the defendant has appealed to this court.

The plaintiff has filed a motion to dismiss the appeal on the ground that a transcript of the evidence was not transmitted to this court within the time provided by Code Ann. § 6-608. This objection was not raised in the trial court, and, under Rule 11 (c) of this court, any objection to the untimely filing of the transcript is waived. The motion to dismiss the appeal is denied. See *Southeastern Plumbing Supply Co. v. Lee,* 232 Ga. 626 (208 SE2d 449).

The trial judge made a careful study of the issues in this case and reached the following conclusion: "The undisputed facts in the record show the existence of an alley between the properties of the plaintiff and defendant, under grant, that is to say, in the conveyances to the parties to this action, and their predecessors in title, over many years, the alley was recognized and the record does not show such facts as would constitute abandonment of an easement therefor."

We agree with this conclusion reached by the trial court and will affirm its judgment in this case. The reasons given for the judgment of the trial court are set forth in an opinion prepared by the trial judge and these reasons are quoted below in material part and adopted by this court.

*"Defendant Bound by Recitals in Deed.*

"In the law of evidence there are certain presumptions of law which are sometimes conclusive, and an averment to the contrary will not be allowed (Code Section 38-114), such as '. . . recitals in deeds, except payment of purchase money, as against the grantor acting in his own right, and sui juris, and his privies in estate, blood and in law; . . .' and it has been held that recitals in deeds bind the parties thereto and their privies in estate. (*Tift v. Golden Hardware Co.,* 204 Ga. 654 (5) and other cases).

"The deed by which defendant acquired his property

has the following provisions: '. . . on the west by an alley dividing the property hereby conveyed from the property of Wheat (now, plaintiff Reynolds); and including all of the property, *but only the property,* within the aforesaid boundaries regardless of whether the dimensions thereof herein set out be more or less than the true dimensions of said property; and also including all of the rights and privileges of the said Lauradel P. Pilcher and Laura H. Parker (grantors) in and to the alley bounding the said property on the south and on the west. . .'

"This description expressly subordinates *dimensions* to *boundaries,* and that the alley separating this property from that of Reynolds (presently) is the western boundary line of the Gilbert property even if this might diminish the quantity of land defendant obtained under his deed, and it goes further and gives the defendant the right of use of said alley.

"Nothing could be clearer as to what constituted the western boundary line of the Gilbert tract, nor as to the status of the alley between this tract and that of the Wheat (now Reynolds) tract on the west. (See *Johnson et al. v. Valdosta, Moultrie & Western R. Co. et al.,* 169 Ga. 559, 563 (150 SE 845)).

"An interesting case, showing the extent to which parties are bound by the recitals in their deeds is *Williams v. Harris, Trustees,* in 207 Ga. 576-579.

"This involved the location of an intersection of two streets, and it was held that the parties were bound by the description in their deeds that the intersecting point of Larkin and Maher Streets was 163 feet east of the intersection of Larkin and Roach Streets. The recitals in the deeds in this case were the controlling factor in determining location of intersection insofar as the parties were concerned.

"Under this deed of acquirement, we feel that defendant is bound by the recital that his western boundary line is the alley in question, and that his property in fee simple extends only to that boundary, and the recitals in his deed go even further, in apprising him of this fact, than simply reciting the alley as the western boundary. (See *A B & A R Co. v. County of Coffee,* 152 Ga. 432, 434 (110 SE 214), and *Bale v. Todd,* 123 Ga. 99 (2)

(50 SE 990)).

## *"Abandonment of Easement.*

"For many years in the background history of the title to both the Gilbert and Reynolds tracts, there has been an express and written recognition of the existence of an alley between the tracts for the use of the abutting owners, which constitutes a right of way, or easement to such alley, by grant, in the sense that it is expressly recognized in the written provisions of their respective deeds, as distinguished from a right acquired by dedication or prescription, or as private way.

"For instance, if we start the chain of title to the *Reynolds tract* with the deed from Emma Hunnewell to Amelia Donalson, executed in 1880, nearly a century ago, we have this reference to the alley, —

" 'The eastern boundary to the property hereby conveyed so far as the premises of the said Mrs. M. B. Rosenfield (Gilbert tract) is more "amidentely" (we presume this was intended as "particularly") described in the deed and the plat thereto attached of T. B. Hunnewell to Hunter Satterfield, as Trustee.' and this deed and plat, which is embraced by reference, spells out with clarity the existence and location of the alley between the tracts.

"The first link in the title to the *Gilbert tract* in the record, which is the aforesaid deed from Hunnewell to Satterfield, as Trustee, dated July 4, 1871, gives this as the west boundary of the now *Gilbert tract,* —

" '. . . West by alley separating the said lot described from the lot and premises owned by said T. B. Hunnewell which said alley is 10 feet wide where it intersects Shotwell Street, follows the angles of the within described lot, being wider at its southern extremity which said alley as it now stands, the said T. B. Hunnewell, *binds himself, his heirs, and assigns to keep open forever hereafter.'*

"This obligation to keep the alley open specifically binds Hunnewell's successors in title, including defendant, to keep the alley open forever thereafter.

"In the habendum clause, there is also the right to Satterfield, Trustee, and his successors, to *use* the alley above mentioned.

"The existence of this alley is recognized throughout the chain of title of both plaintiff and defendant.

"Some point is made by defendant that the source of title to the *Reynolds tract* is a 'tax' deed which conveyed no rights in the alley. The first deed in the record that affects the *Reynolds tract* is a Sheriff's deed made by virtue of levy of a court execution, not tax fi. fa., and while it does not expressly, in the description, make reference to the alley, in the habendum clause, it is provided that the grantee is to hold '. . . said bargained premises in as full and ample manner as the said T. B. Hunnewell might have done.'

"The rights which purchaser thus obtained were the rights and appurtenances which T. B. Hunnewell owned and enjoyed, which under the deed to Satterfield, Trustee, four or five years prior thereto, and in the record, was the right to the use of the adjoining alley. (See *Andrews v. Murphy,* 12 Ga. 431 (2), and Code Ann. § 39-1303).

"The sense of the chain of title of both parties is not only the recognition of the existence of the alley, and the right of adjoining parties to its use, but in the Gilbert deed of acquirement it is provided that if using the boundaries given, such as the alley on the west, there is a shortage in area, then the area acquired by grantee would thus be diminished, thereby subordinating quantity of land conveyed to the absolute acceptance of the alley as the western boundary.

"This provision was first included in [the] deed from [Mrs. J. B. and Mrs. M. H.] Ehrlich to [C. W. and Gladys N.] Evans . . in 1945, in the Gilbert chain, and has been in all of the deeds since, and accents the fact that the *Gilbert tract* is bounded on the west by the alley, and conveyed no fee simple interest therein, but only the right of use of such alley.

"Having concluded that under the conveyances involved both parties in this case have an easement to the alley between them, whether plaintiff's rights have been terminated would resolve itself into the issue of whether there had been an abandonment of the easement.

"Code § 85-1403 is as follows:

" 'Forfeiture or abandonment of easement. An

easement may be lost by abandonment, or forfeited by nonuser, if the abandonment or nonuser shall continue for a term sufficient to raise the presumption of release or abandonment.'

"On the question of abandonment, the general rule, as cited in the case of *Kelso v. Oglethorpe,* 120 Ga. 956, is as follows:

" 'The current of authority seems to be that mere non-user for twenty years affords a presumption, *though not a conclusive one,* of extinguishment, even in cases where no other circumstances indicating an intention to abandon appears; and if there has been in the meantime some act done by the owner of the land charged with the easement, inconsistent with or adverse to the right, a much stronger presumption [of extinguishment] will arise.

"[A]nd, in *Calfee v. Jones,* 54 Ga. App. 483, it is stated, referring to the terms of years sufficient to raise presumption of abandonment, —

" '. . . This generally follows the usual prescriptive periods.'

"The rule on abandonment of easement is more demanding than acquiring prescriptive title to land with twenty years adverse possession, without a deed or any other color of title, in that only a *presumption* is afforded after twenty years non-use of an easement.

"To further throw light on the rule, we quote from the case of *Tietjen v. Meldrim,* 169 Ga. 678, 699, as follows:

" 'As we have stated in the second division of this opinion, an easement of way, acquired by grant, will not be lost by nonuser for any length of time, unless there is a clear and unequivocal evidence of an intention to abandon it. Furthermore, no presumption of abandonment arises *from mere nonuser* for a time less than that required for the perfection of the easement by prescription.'

"Defendant has owned his property for only thirteen years and plaintiff has owned his property for only three or four years, and as between them no abandonment of easement could have become effective, based on their respective conduct, and, in this connection, the defendant

is . . . precluded from any 'tack-on,' even if permissible, by the evidence of his immediate predecessor that she and Mrs. Wheat, one of the predecessors of Reynolds, within the 20-year period, had shared the view that each had the right to use the alley, and the chain of title of both parties through the years accords with this agreement, which negatives any intention to abandon on the part of the predecessor of Reynolds.

"The prescriptive period that would be applicable to establish presumption of intention to abandon an easement would be a minimum of twenty years, as the seven year adverse possession under color of title would not apply, since the rule is that possession to ripen under color of title extends only to the boundary of the instrument relied on for color of title, and in this case, the defendant would be limited by the alley as the western boundary and extent of any possession he could have under color of title." See *Bradley v. Shelton,* 189 Ga. 696, 697 (3) (7 SE2d 261), and *Brown v. Hester,* 169 Ga. 410 (1) (150 SE 556).

Therefore, it is the judgment of this court that the issues in this case were correctly decided in the trial court and its judgment must be affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 12, 1974 — DECIDED JANUARY 22, 1975.

*Ralph C. Smith, Jr.,* for appellant.
*Conger & Conger, Willis Conger,* for appellee.