### 33532. BOLING et al. v. GOLDEN ARCH REALTY CORPORATION.

BOWLES, Justice.

Appellants are the owners of a tract of land located in Forsyth County, Georgia. Appellee owns the adjoining tract, upon which is located a McDonalds restaurant. Appellants' predecessor in title granted the appellee two easements over his property, duly recorded, which provided "access, ingress and egress, on, over, and across the aforedescribed property for the purposes of making installation of a sewer drain field in accordance with all requirements of city, county and state officials and further to permit exclusive permanent use of said property for all future purposes." The easements were made binding upon the heirs and assigns of the grantor.

Appellants filed a complaint in Forsyth Superior Court alleging nonuse and abandonment of the easements. They demanded judgment of the trial court declaring the easements to be void and canceling the easements from the record.

Appellee filed a motion for summary judgment, along with affidavits in support thereof made by the owner of the restaurant and a real estate representative

of appellee, stating that the easements have been used continuously since November, 1974, for the diverting of storm water and other surface water away from the septic field located on appellee's land and for the drain-off of surface water.

Appellant Manton filed an affidavit in response stating that at the time of granting the easements, it was the intention of the parties that the easements were to be temporary and for restrictive purposes even though the easements as prepared and filed permitted appellee exclusive private use of the property for all future purposes.

The trial court found that appellees were entitled to judgment as a matter of law and granted the motion for summary judgment. We affirm.

The uncontradicted evidence before the court on motion for summary judgment showed continuous use of the easements by appellee since November, 1974. An easement acquired by grant will not be lost by nonuse unless there is clear and unequivocal evidence of an intention to abandon. *Gilbert v. Reynolds,* 233 Ga. 488 (212 SE2d 332) (1975); *Tietjen v. Meldrim,* 169 Ga. 678 (151 SE 349) (1929). And no presumption of abandonment arises from mere nonuse for a time of less than twenty-years, as a matter of law. *Smith v. Clay,* 239 Ga. 220 (236 SE2d 346) (1977); *Tietjen v. Meldrim,* supra. Therefore, the trial court was correct in finding that there was no abandonment of the easement.

The deeds conveying the two easements to appellee contain clear and unambiguous language setting forth the unlimited purposes and uses for which the easements were granted. This evidence was not overcome on motion for summary judgment by statements of an outside party as to the intentions of the original parties in making the agreement. Code Ann. § 81A-156 (e) requires that affidavits in motions for summary judgment be based on personal knowledge and must show affirmatively that affiant is competent to testify to matters stated therein. This requirement was not met by Manton's affidavit. In any event, where the terms of a contract are unambiguous on their face as they were here, parol evidence may not be used to explain their intent and meaning. *Kennedy v.*

*McLean,* 182 Ga. 898 (3) (187 SE 102) (1936).

There being no genuine issue of material fact raised as to abandonment or intention of the parties, the trial court was correct in granting appellee's motion for summary judgment.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 28, 1978 — DECIDED SEPTEMBER 5, 1978.

*Lipscomb, Manton & Johnson, John P. Manton,* for appellants.

*Boling & Rice, Larry H. Boling,* for appellee.