## 35536. HARDIGREE et al. v. HARDIGREE.

WELTNER, Judge.

Appellee is the owner of Lot 23 of a subdivision platted on a "Map of Astondale" prepared in 1900, which he acquired through a chain of title leading to the common grantor of appellants, who are the owners of Lots 20 and 21 of the same subdivision. Lots 20 and 21 were sold by the common grantor after the sale of Lot 23.

The original deeds of the subdivision made reference to the "Map of Astondale," which remained unrecorded until the year 1945. All the parties to this action acquired their respective titles after the recording of the map.

Displayed on the map is the representation of two parallel lines leading from a public highway to appellee's Lot 23 property, and separating appellants' Lots 20 and 21. No designation appears on the plat characterizing the parallel lines, except an indication of a distance of 20 feet between them.

The original deeds of appellants' predecessors in title (dated 1901), conveyed to one E. P. Thomas both Lots 20 and 21 without a description by metes and bounds, but solely by reference to the "survey of Astondale property," which is the map in evidence.

Appellants erected a fence traversing the area contained within the parallel lines shown on the plat, which appellee contends to be a right-of-way providing ingress and egress to his property. The removal by appellee of the fence precipitated this litigation, and presents to the court two questions. Does the representation of such parallel lines on a plat of subdivision create an easement by grant to adjacent property owners? Can an easement created by grant be lost by nonuser alone?

Both of these issues are controlled by the decision of this court in *Tietjen v. Meldrim,* 169 Ga. 678 (151 SE 349) (1929).

1. Where the owner of land subdivided it into streets and lots, both of which were designated on a map or plat, the lots being designated by numbers, and sold the lots by such numbers and as bounded by such streets, expressly referring in the deeds conveying the lots to these streets as

boundaries, the purchasers acquired rights of way over the streets so laid off as appurtenant to the lots purchased by and conveyed to them. (Hn. 9)

It is true that the parallel lines are not identified as a right-of-way, easement, or roadway. However, their existence can be interpreted reasonably only as the designation of roadway connecting appellee's property to the public highway. The delay in recording the plat is insignificant, inasmuch as reference to it appears in the deeds to the predecessors in title of all parties.

2. Where an easement of way has been acquired by grant, the doctrine of extinction by nonuser does not apply; and mere nonuser without further evidence of an intent to abandon such easement will not constitute an abandonment. (Hn. 2(a), supra).

Again, a party entitled to a right-of-way over land of another may abandon and extinguish such rights by acts in pais, and without deed or other instrument in writing; but the acts relied on as evidence of the intent to abandon must be of a clear, unequivocal, and decisive character. (700, supra.)

At the conclusion of the evidence, the trial judge submitted the following question to the jury: "Has there been an abandonment of this right of passage by (appellee) or his predecessors in title?", to which the jury responded in the negative.

The issue of abandonment was properly submitted under correct instructions, and the special verdict was amply supported by the evidence.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed. Nichols, C. J., Undercofler, P. J., Jordan, Hill, Bowles and Marshall, JJ., concur.*

Submitted November 19, 1979 — Decided December 5, 1979.

*Fortson, Bentley & Griffin, Thomas A. Nash, Jr.,* for appellants.

*Cook, Noell, Bates & Warnes, J. Vincent Cook,* for appellee.