S96A1141. DUFFY STREET S.R.O., INC. v. MOBLEY.
(471 SE2d 507)

HUNSTEIN, Justice.

William Mobley brought suit against Duffy Street S.R.O., Inc. seeking a declaration that an easement, which had been granted to Duffy Street and its predecessors in title across Mobley's property, had been abandoned. Mobley also sought damages for trespass and attorney fees and expenses of litigation. A jury found that Mobley had proved abandonment of the easement both by non-usage of the easement for a period exceeding 20 years and by additional acts showing an intent to abandon the easement. The jury also found in Mobley's favor on the trespass claim and awarded him attorney fees and expenses of litigation. Duffy Street appeals from the denial of its motion for a new trial.

1. Our review of the evidence adduced at trial reveals that, although it sharply conflicted, sufficient evidence was presented to authorize the jury's findings as to the abandonment of the easement. "An easement may be lost by abandonment or forfeited by nonuse if the abandonment or nonuse continues for a term sufficient to raise the presumption of release or abandonment." OCGA § 44-9-6. No presumption of abandonment arises from mere nonuse for a time of less than 20 years, as a matter of law. *Boling v. Golden Arch Realty Corp.,* 242 Ga. 3, 4 (247 SE2d 744) (1978). Although where an easement has been acquired by grant, a mere nonuse, without further evidence of an intent to abandon it, will not constitute an abandonment, *Smith v. Gwinnett County,* 248 Ga. 882 (2) (286 SE2d 739) (1982), intent to abandon can be established with evidence of a clear, unequivocal and decisive character. *Hardigree v. Hardigree,* 244 Ga. 830 (2) (262 SE2d 127) (1979). The issue is one for the jury to decide. Id. The jury in this case was authorized to find that the easement to Duffy Street's property had not been used by individuals with legitimate reasons to visit the dominant property (as opposed to trespassers) from a period in the 1960's until 1991 and that access to the dominant property had been barred by a fence erected by a predecessor in

title to Duffy Street. Thus, we find no error in the denial of Duffy Street's motion for a new trial on this issue.

2. Although Duffy Street contends the trial court erred by forbidding its witness Henderson from testifying about the interest in the property held by a predecessor in title, because the transcript reveals that this information was subsequently elicited from the witness, no reversible error is presented by Duffy Street's second enumeration of error.

3. We find no error in the trial court's ruling that Mobley had fee simple title to the parcel of land on which the easement was located.

4. The issue of attorney fees under OCGA § 13-6-11 is a question for the jury and an award will be upheld if there is any evidence to support it. *Burlington Air Express v. Georgia-Pacific Corp.*, 217 Ga. App. 312 (457 SE2d 219) (1995). Evidence was adduced that Duffy Street's president told contractors working on Duffy Street's property that they could dump construction debris on the easement and other property owned by Mobley, that Duffy Street had vegetation removed which it knew to be on Mobley's property, and that it built eaves on its buildings which encroached on Mobley's property. Although Duffy Street's president acknowledged that he could not go on another's property and cut down vegetation he did not like, he testified that doing so "was usually much cheaper than paying a bunch of attorneys to fight the case." This evidence supported the jury's award of attorney fees and expenses of litigation.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 17, 1996.

*Barr, Warner, Lloyd & Henifin, Karen D. Barr, A. Howard Henifin,* for appellant.

*McCorkle, Pedigo & Johnson, David H. Johnson,* for appellee.