## S96A0773, S96X0774. SADLER v. FIRST NATIONAL BANK OF BALDWIN COUNTY; and vice versa.

(475 SE2d 643)

BENHAM, Chief Justice.

This action for declaratory judgment was brought to resolve a dispute between the parties over the existence and use of an easement on property which belongs to Sadler and which adjoins property leased by First National. First National contended that a 1975 transaction between Sadler and First National's lessor resulted in an easement being created in favor of the tract First National leases. On the plat registered in conjunction with that transaction, the property in question was shown as an "access road." The "access road" tract was 61 feet wide and 300 feet long, with approximately ⅔ of its length belonging to Sadler and the remainder to First National's lessor. In the course of its use of the tract, First National paved parts of it and left parts unpaved. A portion which the trial court described as an "earthen barricade" was left unpaved and was surrounded by curbing to separate the paved portion from an adjoining street. Sadler contended no easement came into existence at all, but if it did, it had since been abandoned. The trial court found that an easement by implication existed, but that First National had abandoned part of it — the unpaved portion and a paved area with parking stripes. In Case No. S96A0773, Sadler appeals the first ruling; in Case No. S96X0774, First National cross-appeals the second.

1. The first issue to be addressed is the nature of the easement First National contends its lessor acquired from Sadler. The deed from Sadler recites that the tract being conveyed is part of lands previously conveyed to Sadler. It is well established that when property is subdivided and a conveyance is made according to a recorded plat, the purchaser acquires an easement in areas set aside for the purchaser's use. *Walker v. Duncan*, 236 Ga. 331 (223 SE2d 675) (1976); *Tietjen v. Meldrim*, 169 Ga. 678 (151 SE 349) (1930). The trial court did not err, therefore, in holding that an easement in favor of First National's lessor came into existence in the course of that 1975 transaction.

The trial court was incorrect, however, in its conclusion of law that the easement was one arising from implication. An easement

created in the way the easement in this case was created is an easement by express grant. *Fairfield Corp. No. 1 v. Thornton*, 258 Ga. 805 (374 SE2d 727) (1989); *Smith v. Bruce*, 241 Ga. 133 (2) (244 SE2d 559) (1978).

2. The importance of clarifying that the conveyance created an easement by express grant lies in the issue of abandonment, which is raised in Sadler's appeal and is the central issue of the cross-appeal. "Where an easement of way has been acquired by grant, the doctrine of extinction by nonuser does not apply; and mere nonuser without further evidence of an intent to abandon such easement will not constitute an abandonment." *Hardigree v. Hardigree*, 244 Ga. 830 (2)' (262 SE2d 127) (1979).

The evidence establishes without contradiction that First National uses the easement for access to and egress from its property, and has paved driveways to facilitate that use of the easement. The driveways do not, however, employ the entirety of the easement: First National established parking spaces and landscaping on a portion of the easement. Based on that action by First National, the trial court found as a fact that First National intended to abandon, for purposes of ingress or egress to its leasehold, the use of those portions of the easement on which it established an unpaved but curbed area and a paved area with parking places painted on it. That finding was the specific basis for the trial court's conclusion of law that First National had abandoned the portion of the easement not specifically in use for access to the bank.

Findings of fact made by the trial court in a nonjury trial may not be set aside unless clearly erroneous. *Macon-Bibb County Indus. Auth. v. Central of Ga. R. Co.* , 266 Ga. 281 (1) (466 SE2d 855) (1996). This is the rare case in which that standard is met. There is no evidence that First National intended to abandon the easement, or any part of it. On the contrary, First National clearly exercised dominion over the entirety of the easement by virtue of maintaining parking facilities and landscaping. That exercise of control was the basis for the trial court's finding of intent to abandon, but is entirely inconsistent with that finding. Accordingly, the trial court's finding of intent to abandon must be set aside. Without that finding, there is no basis for the trial court's conclusion of law that First National abandoned part of the easement. *Hardigree v. Hardigree*, supra. We must, therefore, reverse that portion of the trial court's judgment.

*Judgment affirmed in Case No. S96A0773 and reversed in part in Case No. S96X0774. All the Justices concur.*

DECIDED SEPTEMBER 23, 1996.

*Martin L. Fierman,* for appellant.
*Moore & Mangum, Joab O. Mangum III,* for appellee.