### S08A0117. WHIPPLE et al. v. HATCHER et al.
(658 SE2d 585)

HINES, Justice.

This is an appeal from the grant of summary judgment to plaintiffs in a dispute over an easement in this action to quiet title pursuant to OCGA § 23-3-60 et seq. The issue is whether the easement by grant was abandoned. Finding no error in the superior court's grant of summary judgment, we affirm.

The Whipples own a parcel of land fronting Welch Road in Putnam County. The Hatchers own land adjacent to the Whipples' parcel, which does not front any public way, and the Hatchers gain access to their land over the Whipples' land. The parties were deeded their respective parcels by a common grantor, Hooks, and their plats portray a 30-foot easement ("easement") in favor of the Hatchers, cutting diagonally through the center of the Whipples' land. There is also a driveway ("driveway") that runs along the northern boundary of both parties' properties. After acquiring their property in 2005, the Hatchers began using the easement and driving over the Whipples' land. The Whipples put a cable across the entrance to the easement to prevent the Hatchers from doing so. Pursuant to OCGA § 23-3-60 et seq., the Hatchers filed a "Petition to Establish Title Against All the World" in the Superior Court of Putnam County, seeking the submission of the matter to a special master,[1] a judgment quieting their title to the easement, and an order restraining and enjoining the Whipples from interfering with ingress to and egress from the Hatchers' property. The Whipples maintained that the easement had been abandoned and that the driveway provided the Hatchers with adequate access.

The petition was referred to a special master, who concluded that there was not clear and unequivocal evidence of an intention to abandon the easement, which had been acquired by grant, and that the mere nonuse of the easement for a period of time was insufficient to establish its abandonment. The superior court granted the Hatchers' motion for summary judgment, finding that they had title to the easement as delineated in the parties' plats and permanently enjoined the Whipples from interfering with use of the easement.

The Whipples contend that the grant of summary judgment to the Hatchers was error because a deeded easement can be abandoned and the record in this case contains evidence raising a material issue

---

[1] OCGA § 23-3-63 provides:

The court, upon receipt of the petition together with the plat and instruments filed therewith, shall submit the same to a special master who shall be a person who is authorized to practice law in this state and is a resident of the judicial circuit wherein the action is brought.

of fact as to whether the easement in question was abandoned. But, the contention is unavailing.

The easement in favor of the Hatchers is an express one acquired by grant. The law does not favor the extinguishment of easements, and an easement acquired by grant is not extinguished merely by nonuse; there must be clear, unequivocal, and decisive evidence of an intent to abandon the easement. *Hardigree v. Hardigree*, 244 Ga. 830, 831 (2) (262 SE2d 127) (1979); *Plantation Pipe Line Co. v. Milford*, 257 Ga. App. 709, 712 (2) (a) (572 SE2d 67) (2002).

In support of their contention of evidence of abandonment, the Whipples cite certain testimony at the hearing before the special master, namely that of Mr. Hatcher's father to the effect that Hooks had at one time owned all of the parcels involved in this litigation; that after Hooks split up the land, Hooks had the driveway constructed about 20 or 25 years ago; that Hooks had one of his vehicles blocking the easement so that it could not be used; and that Hooks "told everybody he had had it all changed when he split the lots up and had them surveyed." However, the father also testified that Hooks blocked the easement with the vehicle "especially on the weekends," clearly implying that there were times when the easement was not blocked from use. Moreover, the father further testified as to the easement, "Oh, it has been used. It's been used numerous times. I've used it. As far as I — best of my knowledge, my sister and her husband used it getting in and out, because the other driveway had washed out so bad . . . ," and that such use of the easement has been since "at least from 1990." Thus, this testimony does not create any issue of fact about continuous nonuse, much less the intent by Hooks or his successors in title to abandon the easement.

The Whipples also cite the testimony of a neighbor of all of the parties to the effect that he was familiar with the property since 1983; that he had used only the driveway as an access road; and that he had not known the two dotted lines on the plat depicting the easement to be a "drive." However, any failure to use the easement by the neighbor falls far short of demonstrating nonuse of the easement by others, much less its abandonment. In fact, the neighbor's more complete testimony was that to his knowledge, dating from at least the time he moved there, which was 1989, the easement had always been there. Also, when asked about everyone's alleged use of the driveway for access, the neighbor responded that he did not know "what anybody did" and "did not observe it."

Finally, the fact that the driveway may provide alternative access for the Hatchers does not diminish their rights in the easement or allow the Whipples to interfere with the Hatchers' ingress and egress over the easement. *Huckaby v. Cheatham*, 272 Ga. App. 746, 751 (1) (612 SE2d 810) (2005).

Based upon the evidence of record, there was no genuine issue of material fact regarding abandonment of the easement; therefore, the grant of summary judgment was warranted.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 10, 2008.

*Adams & Ford, Francis N. Ford*, for appellants.
*Donald W. Huskins*, for appellees.