A08A0820. PLEASURE BLUFF DOCK CLUB, INC. et al.
v. POSTON et al.
(670 SE2d 128)

JOHNSON, Presiding Judge.

This appeal involves easement rights to property within the Pleasure Bluff subdivision in McIntosh County. Several subdivision homeowners, as well as the homeowners' association (collectively, "the homeowners"), sued Robert and Linda Poston for declaratory and injunctive relief to establish the parties' rights in the disputed property. A special master determined that the homeowners had limited easement rights, but rejected their claim to broader rights. The trial court adopted the special master's ruling, and the homeowners appeal. For reasons that follow, we affirm.

1. When reviewing a trial court's order adopting a special master's report, we construe the evidence favorably to the trial court's judgment and affirm if any evidence supports it.[1] So viewed, the evidence shows that the Pleasure Bluff subdivision was developed in 1948 along the Julington River. Subdivision developers acquired numerous lots, as well as a 100-foot-wide strip of land running between several lots and the river's low water mark. A subdivision plat filed by the developers designated the strip along the river as a private road to be known as St. Julington Boulevard.

---

Although the developers retained ownership of St. Julington Boulevard, they sold the subdivision lots and granted purchasers the right of ingress and egress along the private road. That road, however, was never paved. Instead, a narrow dirt road measuring slightly over nine feet wide developed *within* St. Julington Boulevard's original 100-foot expanse. At the time of the litigation, subdivision residents still walked and drove vehicles along the small dirt road to reach the river.

In addition, the original deeds of certain homeowners granted them access to a natural boat ramp on the river known as the "landing." The community, however, built a common dock in the 1960s, and residents stopped using the natural landing as an access point. Eventually, the river's marsh filled in the landing area, which is no longer used by homeowners.

The Postons own two adjacent subdivision lots along the river. St. Julington Boulevard, the narrow dirt road within the boulevard's original boundaries, and the old natural landing site front their property. At some point, the Postons decided to build a private dock, and they obtained quitclaim deeds to the 100-foot-wide St. Julington Boulevard strip between their lots and the river from the heirs of the subdivision developers.

Concerned that the Postons' actions would interfere with their river access, the homeowners filed suit, seeking to establish their rights in St. Julington Boulevard. The trial court referred the case to a special master, who held an evidentiary hearing. Based on the evidence presented, the special master determined that the Postons had a fee simple interest in the portion of St. Julington Boulevard that fronted their property,[2] but that the homeowners enjoyed certain easement rights over the boulevard.

Specifically, the special master found that the homeowners had a right of ingress and egress along the 9.2-foot-wide dirt road that had developed in front of the Postons' lots within St. Julington Boulevard. But he rejected their claimed easement in the entire 100-foot expanse originally designated for the boulevard, noting that they had never used more than a 9.2-foot-wide section.[3] With respect to the natural boat landing, the special master concluded that the homeowners had abandoned any right of use or access. The trial court accepted the special master's findings, and this appeal followed.

2. On appeal, the homeowners complain that the special master improperly reduced their easement based on abandonment or non-

---

[2] The special master concluded that the Postons held an 11/12th share of the strip, while a remaining heir of the developers held a 1/12th share.

[3] The special master also found that the homeowners had an access easement to a community well in the area, but that access is not at issue in this appeal.

use. They claim that because their original property deeds granted them easement rights, those rights — including use of the entire 100-foot width of St. Julington Boulevard and the natural boat landing — can never be extinguished or lost. We disagree.

Although an easement granted by deed cannot be lost by non-use alone, it may be deemed abandoned where the evidence demonstrates "an intent to abandon."[4] As to the natural boat landing, the evidence shows that the community built a common dock to replace the natural ramp in the 1960s, that the ramp had not been used in years, and that residents had allowed the marsh to fill in the landing area. Under these circumstances, the trial court properly affirmed the special master's finding that the homeowners abandoned their easement in the landing.[5]

The evidence also supports the special master's determination as to the easement across St. Julington Boulevard. It is true that persons who purchase a lot within a subdivision are granted an easement of ingress and egress along streets delineated in the subdivision plat.[6] Nevertheless, "there remains in the grantor the right of full dominion and use of the land, except so far as a limitation thereof is essential to the reasonable enjoyment of the easement granted."[7] Thus, although a recorded subdivision plat creates a "presumption that 'reasonably necessary use,' 'fair,' or 'reasonable enjoyment' of the easement requires the full use of the right-of-way or street as platted and dedicated," that presumption is rebuttable.[8]

As found by the special master, the homeowners enjoyed an easement along St. Julington Boulevard. But the evidence shows that the dirt road residents actually used was only 9.2 feet wide when it crossed the Postons' property, and it had been that width since at least the 1960s. Testimony also demonstrated that the narrow dirt road was "perfectly adequate" to provide ingress and egress.

Given this evidence, the special master was authorized to conclude that reasonable enjoyment of the easement for ingress and

---

[4] See *Whipple v. Hatcher*, 283 Ga. 309, 310 (658 SE2d 585) (2008).

[5] See *Duffy Street S.R.O., Inc. v. Mobley*, 266 Ga. 849, 849-850 (1) (471 SE2d 507) (1996) (jury authorized to find that access easement across another's property, which was granted through deed, had been abandoned; access road had not been used for many years, and a fence blocking entry to the road had been erected by the grantee); *Atlanta, Birmingham & Atlantic R. Co. v. County of Coffee*, 152 Ga. 432, 436-437 (110 SE 214) (1921) (trial court properly found that railroad company had abandoned right of way easement granted through deed; company no longer used the right of way, had removed its railroad tracks, and operated its train in another area).

[6] See *Montana v. Blount*, 232 Ga. App. 782, 784 (1) (a) (504 SE2d 447) (1998).

[7] (Citations and punctuation omitted.) Id. at 785 (1) (a).

[8] Id. at 786 (1) (a).

egress did not require full use of the 100-foot-wide area originally platted for St. Julington Boulevard. On the contrary, Pleasure Bluff residents admittedly did not need the full expanse, but were content for over 40 years to use a 9.2-foot-wide section for their dirt road. The trial court, therefore, properly affirmed the special master's determination that homeowners retained the right of ingress and egress over only the existing dirt road.[9]

3. The homeowners also argue that the trial court erred in refusing to consider their objections to the special master's report. In its order affirming the report, the trial court found the homeowners' objections procedurally inadequate. Nevertheless, it addressed those objections on the merits, and as discussed above, properly affirmed the special master's findings. Accordingly, this claim of error presents no basis for reversal.

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 31, 2008.

*Donald O. Nelson*, for appellants.
*Inglesby, Falligant, Horne, Courington & Chisholm, Owen C. Murphy, Adam S. Poppell III*, for appellees.

---

[9] See *Folk v. Meyerhardt Lodge No. 314*, 218 Ga. 248, 250 (127 SE2d 298) (1962) (questions regarding reasonable use and enjoyment of an easement should be resolved by the factfinder). Compare *Sadler v. First Nat. Bank of Baldwin County*, 267 Ga. 122, 123 (2) (475 SE2d 643) (1996) (trial court erred in finding that portion of easement had been abandoned where easement holder "clearly exercised dominion over the entirety of the easement"); *Montana*, supra, 232 Ga. App. at 786 (1) (a) (landowners failed to rebut legal presumption that easement holders needed use of the entire right-of-way for "full 'reasonable enjoyment of the easement' ").