S11A1740. GOODSON et al. v. FORD et al.

(725 SE2d 229)

NAHMIAS, Justice.

This appeal involves three adjacent properties in rural Lee County owned by Appellants Roy and Ruth Goodson and Donald and Nancy Eller and Appellees Arthur and Donna Ford. All three properties descend from a common owner who recorded, but later withdrew, a subdivision plat that included the Goodson Property and the Eller Property. The Goodsons and Ellers claim the right to use all of "Carol Street," which, as shown on the subdivision plat, is a rectangular strip of land 60 feet wide by 418 feet long running between the Goodson and Eller Properties and connecting to Highway 32. In 2007, the Fords filed a petition to quiet title to the Ford Property, a 38.63-acre tract that includes Carol Street. The trial court quieted title to the Ford Property in the Fords, subject only to a 20-foot-wide easement in the Goodsons and Ellers for ingress and egress down the centerline of Carol Street from the end of their driveways to Highway 32. This appeal followed, and we now affirm.[1]

1. In 1967, Nora Allen deeded the Eller Property to Carol Allen Ranew, who in turn deeded it to Eugenia and Philip Truex in 1971. In 1972, Allen filed a subdivision plat for "Allen Acres" that showed Carol Street running between the Goodson and Eller Properties. In

---

[1] The trial court rejected the Goodsons' additional claim to an easement in a 20-foot-wide alley on the Ford Property just north of the boundary between the Goodson and Ford Properties. The Goodsons do not challenge this ruling on appeal. The Fords also have not cross-appealed the trial court's ruling regarding the 20-foot-wide ingress-egress easement.

1973, Allen deeded the Goodson Property to Mack Lamm, who in turn deeded it to Lloyd and Audrey Kimmel in 1975; both deeds incorporated the Allen Acres subdivision plat by reference. Zack Strickland bought the property to the east of the Eller Property around that time and noticed that Carol Street was mowed and that the property owners on either side used a dirt road down the center of it to access Highway 32 from their driveways. Every once in a while, Strickland also saw cars parked on the mowed area.

In February 1977, Allen recorded an affidavit in the deed book stating her intent to withdraw the Allen Acres subdivision plat. Three months later, the Kimmels conveyed the Goodson Property to the Goodsons via a deed that incorporated the Allen Acres subdivision plat by reference. The Goodsons used Carol Street to access Highway 32, for the placement of residential dumpsters, to store farm equipment like trailers and tractors, and occasionally for social events.

The Eller Property was conveyed in 1977, 1986, 1989, and 1991 before being deeded to the Ellers in 1992. The deed to the Ellers incorporated by reference a recorded subdivision plat that identified Carol Street only as "Road." In 1993, Allen deeded the Ford Property to Henry Studdard. In 1997, the Ellers opened a daylily business, using Carol Street for customer parking, to receive deliveries, and to operate and store front-end loaders and other equipment.

In 2007, Studdard deeded the Ford Property to the Fords, who visited the property two or three times before purchasing it. The Fords noticed that the Goodsons' and Ellers' driveways terminated on Carol Street, which they saw was mowed, and they observed the signs for the Ellers' daylily business. Soon after buying the Ford Property, the Fords asked the Goodsons and Ellers to stop using Carol Street for anything other than vehicle access from their driveways to Highway 32, but Appellants refused. On August 5, 2007, the Fords filed a petition to quiet title that included Carol Street. Appellants answered and counterclaimed, asserting title by adverse possession and easement rights.

The trial court appointed a special master, who conducted an unreported evidentiary hearing and issued a stipulated report of the facts on March 26, 2010. On September 20, 2010, the special master filed a report and proposed order which, among other things, rejected Appellants' adverse possession claim and concluded that they have only a 20-foot-wide private way easement for ingress and egress down the centerline of Carol Street from the end of their driveways to Highway 32. After an unreported hearing, on May 2, 2011, the trial court adopted the special master's report and proposed order as the order of the court, holding that the 20-foot-wide easement down

Carol Street "may be used solely for purposes of ingress and egress . . . and . . . may not be used for any other purpose, including, but not limited to, parking or maintenance or storage of farm equipment vehicles or goods." Appellants timely appealed.

2. Appellants claim that they acquired title to Carol Street by more than 20 years of adverse possession. See OCGA § 44-5-163. OCGA § 44-5-161 (a) provides:

> In order for possession to be the foundation of prescriptive title, it:
>   (1) Must be in the right of the possessor and not of another;
>   (2) Must not have originated in fraud except as provided in Code Section 44-5-162;
>   (3) Must be public, continuous, exclusive, uninterrupted, and peaceable; and
>   (4) Must be accompanied by a claim of right.

OCGA § 44-5-161 (b) adds that "[p]ermissive possession cannot be the foundation of a prescription until an adverse claim and actual notice to the other party."

The trial court adopted the special master's factual findings that Appellants' use of Carol Street for anything other than access to Highway 32 was occasional and permissive at most, with no adverse claim and actual notice to the Fords (or their predecessors) followed by the requisite 20 years to obtain title by prescription. Appellants contend that these findings are erroneous, but Appellants have not provided us with a transcript of the special master's evidentiary hearing, and we must therefore presume that the findings were supported by the evidence. See *Watkins v. Rutland*, 281 Ga. 535, 535 (640 SE2d 289) (2007) (" '[S]ince no transcript was made of the proceeding before the special master in which the facts of the case were established, the special master's findings on which the trial court's judgment was based cannot be reviewed.' " (citation omitted)). Accordingly, we affirm the trial court's rejection of Appellants' claim of title to Carol Street by adverse possession.

3. The Goodsons contend that they hold legal title to all of Carol Street by express grant as a result of the Allen Acres subdivision plat that was recorded in 1972 and the references to that plat in each deed in their chain of title from the common grantor, Nora Allen. In response, the Fords contend that any easement by express grant resulting from the recording of the subdivision plat in 1972 was revoked in February 1977, three months before the Goodsons acquired the Goodson Property, when Allen recorded her intent to withdraw the plat. Both contentions are erroneous.

The recording of the Allen Acres subdivision plat showing Carol Street, and the plat's incorporation by reference in the deeds in the Goodsons' chain of title, did not give the Goodsons legal title to Carol Street. "[W]hen property is subdivided and a conveyance is made according to a recorded plat, the purchaser acquires an *easement* in areas set aside for the purchaser's use. . . ." *Sadler v. First Nat. Bank of Baldwin County*, 267 Ga. 122, 122 (475 SE2d 643) (1996) (emphasis added). An easement created in this manner is an "easement by express grant," id. at 123, and its usual purpose is ingress and egress, see *Pleasure Bluff Dock Club, Inc. v. Poston*, 294 Ga. App. 318, 320 (670 SE2d 128) (2008). Thus, the trial court properly found that the Goodsons' interest in Carol Street based on the subdivision plat was in the nature of an easement rather than legal title.

The Fords are equally incorrect in arguing that the 1977 recording of Allen's withdrawal of the Allen Acres subdivision plat affected the validity of the Goodsons' easement. Where a property owner subdivides land, records a subdivision plat designating streets, and sells lots in the subdivision with reference to the plat, she is "presumed to have irrevocably dedicated such streets . . . for the use of all of the lot owners in the subdivision," *Stanfield v. Brewton*, 228 Ga. 92, 94-95 (184 SE2d 352) (1971), and she is thereafter "estopped from denying a grantee's right to use the streets delineated in the plat." *Zywiciel v. Historic Westside Village Partners, LLC*, 313 Ga. App. 397, 400 (721 SE2d 617) (2011). The Fords' title descends from Allen, and they are likewise estopped from denying the Goodsons' easement by express grant. See *Smith v. Bruce*, 241 Ga. 133, 143 (244 SE2d 559) (1978) ("All persons claiming under the first subdivider are forever estopped to deny the existence of the streets . . . designated for the common good of all purchasers of lots in the subdivision.").

4. The Goodsons argue that if their interest is in the nature of an easement, as it is, then the trial court erred in limiting it to a 20-foot-wide strip for ingress and egress down the centerline of Carol Street from the end of their driveway to Highway 32. The Goodsons correctly note that the recording of the Allen Acres subdivision plat "create[d] a legal rebuttable presumption that . . . reasonable enjoyment of the easement requires the full use of the . . . street as platted." *Montana v. Blount*, 232 Ga. App. 782, 786 (504 SE2d 447) (1998) (punctuation omitted). However, the special master and the trial court found that the entire platted 60-foot-wide strip of land running the full length between the Goodson and Eller Properties was not required for the Goodsons' reasonable enjoyment of the easement. See *Pleasure Bluff*, 294 Ga. App. at 320-321. Instead, the special master and the trial court found that reasonable enjoyment of the easement required the use of only a 20-foot-wide strip down

the centerline of Carol Street from the end of the Goodsons' driveway to Highway 32 to allow ingress and egress. See *Georgia Power Co. v. Leonard*, 187 Ga. 608, 611-612 (1 SE2d 579) (1939) ("Notwithstanding such a grant [of an express easement], there remains in the grantor the right of full dominion and use of the land, except so far as a limitation thereof is essential to the reasonable enjoyment of the easement granted."). As noted above, Appellants have not provided us with a transcript of the special master's evidentiary hearing, and we must therefore presume that the evidence supported the relevant findings of the special master adopted by the trial court; we also note that the easement recognized accords with the statutory private way easements that Georgia law allows for such access to public roads. See OCGA § 44-9-40. Accordingly, we affirm the limitations the trial court placed on the scope of the Goodsons' easement to use Carol Street.

5. Appellants contend that the Fords' petition to quiet title should have been denied due to their unclean hands and laches. We disagree.

"Unclean hands" is a shorthand reference to OCGA § 23-1-10, which states, "He who would have equity must do equity and must give effect to all equitable rights of the other party respecting the subject matter of the action." See *Dobbs v. Dobbs*, 270 Ga. 887, 888 (515 SE2d 384) (1999) (noting that OCGA § 23-1-10 "embodies both the 'unclean hands' doctrine and the concept that 'one will not be permitted to take advantage of his own wrong.' " (citations omitted)). However, relief is precluded only if the inequity so infects the cause of action that to entertain it " 'would be violative of conscience.' " *Pryor v. Pryor*, 263 Ga. 153, 153 (429 SE2d 676) (1993).

The crux of Appellants' unclean hands argument is that the Fords visited the Ford Property prior to buying it and were thus on notice of Appellants' various uses of Carol Street. However, the evidence showed that Appellants used Carol Street for activities other than ingress and egress only occasionally, and there is no evidence that the Fords observed those other uses on their two or three visits to the property prior to purchasing it. In any event, even if the Fords had learned of Appellants' use of Carol Street for purposes other than ingress and egress, Appellants have cited no authority for the proposition that this fact alone would give rise to a valid claim of unclean hands on the Fords' part, particularly where, as here, after purchasing the property, the Fords promptly instructed Appellants to stop using Carol Street for anything other than access to Highway 32. Application of the equitable doctrine as Appellants suggest would undermine the well-established rules limiting the acquisition of title to land by adverse possession. See Division 2 above.

Appellants also claim that the Fords are guilty of laches. "'Laches bars an equitable claim "when the truth cannot be established fairly due to a long delay . . . ."'" *SRB Inv. Svcs., LLLP v. Branch Banking & Trust Co.*, 289 Ga. 1, 6 (709 SE2d 267) (2011) (citations omitted). See OCGA § 23-1-25 ("Equity gives no relief to one whose long delay renders the ascertainment of the truth difficult, even when no legal limitation bars the right."). However, " 'laches does not arise from delay alone. To prevail on a plea of laches, prejudice, too, must be shown.' " *SRB Inv. Svcs.*, 289 Ga. at 7 (citation omitted).

The Fords acquired the Ford Property on April 21, 2000. Over the next several years, the Fords made repeated requests to the Goodsons and the Ellers to stop using Carol Street for anything other than access from their driveways to Highway 32, but Appellants refused. Thus, on July 3, 2007, the Fords filed their petition to quiet title. Appellants have identified no change in circumstance during the intervening seven years that would qualify as "prejudice." See *SRB Inv. Svcs.*, 289 Ga. at 7. Thus, Appellants have failed to show laches by the Fords. Appellants also have cited no authority to support their argument that any alleged delay by the prior owners of the Ford Property in asserting their rights against Appellants can be attributed to the Fords for the purpose of establishing a laches defense.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 5, 2012.

*Clifford W. Harpe, Jr.*, for appellants.
*Moore, Clarke, Duvall & Rodgers, James H. Edge, David A. Garland*, for appellees.