**FIRST DIVISION**
**BARNES, P. J.,**
**MERCIER and BROWN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 24, 2019**

# In the Court of Appeals of Georgia

A19A0106, A19A0107. BROWN v. SAPP; and vice versa.

MERCIER, Judge.

These cross-appeals stem from a lawsuit filed by W. Baxter Brown to enforce an express easement that runs through Charles Sapp's property. Sapp claims that the express easement was abandoned through nonuse, and both parties filed motions for summary judgment. The trial court issued an order denying both motions, finding, inter alia, that a question of fact remained as to whether the express easement had been abandoned. This Court granted the parties' applications for interlocutory appeal. For the reasons that follow, we reverse in part and affirm in part.

"We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant. Because this opinion addresses

cross-motions for summary judgment, we will construe the facts in favor of the nonmoving party as appropriate." *905 Bernina Avenue Coop., v. Smith/Burns*, *LLC,* 342 Ga. App. 358, 361 (1) (802 SE2d 373) (2017) (citation and punctuation omitted).

So viewed, the evidence shows the following. In September 1972, Brown purchased property in Dougherty County via a warranty deed. The property contained an express easement which originated in 1947. The easement pertains to "a strip of land approximately sixteen (16) feet in width . . . located on the South side of the tract . . . for ingress and egress for vehicular traffic," that crossed Sapp's neighboring land. Sometime in the 1970s, Sapp built a roadway on another part of his property, named "Sapp Road."[1] Following a lawsuit filed in 1988 by Lee County against Sapp, the County and Sapp entered into an agreement which provided that Sapp Road would be a public road and that Sapp would claim no interest in the road.

In 2015, Brown filed the underlying lawsuit seeking, inter alia, to have Sapp "rebuild" the easement referenced in the warranty deed. He claims that Sapp "destroyed the concrete culvert providing entrance to the easement[.]" During discovery, Brown admitted that he had not used the express easement in 44 years and

---

[1] The parties dispute whether Sapp Road was built in 1970 or 1975, but this is not a material fact in this matter.

did not know about the easement until 2015. Sapp admitted that he was aware of the existence of the easement when he purchased his property in 1951 and prior to building his house. Sapp also admitted that he attempted to move and replace the easement by creating Sapp Road.

*Case No. A19A0106*

1. Brown asserts that the trial court erred by finding that a genuine issue of material fact exists as to whether he had abandoned the express easement. "An express easement, also known as an easement acquired by grant, is an easement expressly agreed upon by contract between a landowner and another." *905 Bernina Avenue Coop.*, supra at 368 (3) (citations and punctuation omitted).

> [W]here a right of way or other easement is acquired by grant or deed, no duty is thereby cast upon the owner of the dominant estate thus created to make use thereof or enjoy the same as a condition to the right to retain his interest therein, and the mere non-user of such an easement for a period however long will not amount to an abandonment. The mere fact that one does not immediately begin to exercise his right of use under an easement, or that he delays doing so for a number of years, would not occasion a loss of the easement.

*Sermons v. Agasarkisian*, 323 Ga. App. 642, 645-646 (1) (746 SE2d 596) (2013) (citation omitted). "Where an easement of way has been acquired by grant, the

3

doctrine of extinction by nonuse does not apply; and mere nonuser without further evidence of an intent to abandon such easement will not constitute an abandonment." *Sadler v. First Nat. Bank of Baldwin County*, 267 Ga. 122, 123 (2) (475 SE2d 643) (1996) (citation and punctuation omitted). "Although intent to abandon an easement often is an issue for the factfinder, the issue can be resolved on summary judgment if there is not clear, unequivocal, and decisive evidence of intent." *905 Bernina Avenue Coop.,* supra at 372 (4) (citations omitted).

As such, Sapp was required to point to evidence that Brown either expressly abandoned the easement or engaged in conduct, beyond mere nonuse, that was tantamount to an express abandonment. See id. at 372 (4). But Sapp has pointed to no evidence that Brown expressly abandoned the easement. Instead he states that "the easement in questions[sic] has not been used by [Brown] in excess of 44 years and [Sapp] has occupied the land on which the easement is located and has had total control during the same period of time." This is evidence of mere nonuse, not intent to abandon. See *Salder*, supra. Compare *Duffy Street S. R. O., v. Mobley*, 266 Ga. 849, 849-850 (1) (471 SE2d 507) (1996) (affirmed a denial of motion for new trial following jury finding that the easement had been abandoned when, in addition to nonuse, the predecessor in title had blocked the easement with a fence.). Sapp points

4

to no evidence that Brown or his predecessors in title expressed or engaged in conduct revealing an intent to abandon the easement. See *905 Bernina Avenue Coop.*, supra at 373 (4). Brown's failure to exercise his right to use the easement is not evidence of an intent to abandon the right forever. See id.

Based upon the evidence of record, there was no genuine issue of material fact regarding abandonment of the easement. Therefore Brown was entitled to summary judgment on this issue and the trial court erred. See id; *Whipple v. Hatcher*, 283 Ga. 309, 310-311 (658 SE2d 585) (2008). Accordingly, we reverse the trial court's holding that there was a genuine issue of material fact regarding abandonment of the easement.

2. Brown's only other enumerated error claims that the trial court erred in denying his motion for summary judgment in general. In addition to his assertion that no issue of material fact existed regarding abandonment of the easement, Brown's motion for summary judgment claimed that Sapp "should be responsible for returning the easement to its condition prior to the illegal attempt to relocate the same." However, he did not support this claim with any citation to authority, which the trial court noted in its order denying his motion for summary judgment.

Brown failed to support this enumerated error with argument or citation to authority. As Brown has failed to support the enumerated error in his appellate brief,

5

we have nothing to review, and we affirm the trial court's ruling on Brown's motion for summary judgment in part. See Court of Appeals Rule 25 (c) (2) ("Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned."); *Bennett v. Quick*, 305 Ga. App. 415, 417 (699 SE2d 539) (2010).

*Case No. A19A0107*

3. Sapp asserts one enumerated error, claiming that the trial court erred in denying his motion for summary judgment because the express easement was "extinguished by evidence of nonuse coupled with clear, unequivocal and decisive evidence of an intent to abandon." This claim is without merit for the reasons discussed in Division 1. Accordingly, we affirm the trial court's denial of Sapp's motion for summary judgment.

*Judgment in Case No. A19A0107 affirmed. Judgment in Case No. A19A0106 affirmed in part, reversed in part. Barnes, P. J., and Brown, J., concur.*