**FOURTH DIVISION**
**RICKMAN, C. J.,**
**DILLARD, P. J., and PIPKIN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 16, 2023**

# In the Court of Appeals of Georgia

A23A0505, A23A0533. BROWN v. SAPP; and vice versa.

RICKMAN, Chief Judge.

These cross-appeals arise from a lawsuit filed by W. Baxter Brown to enforce an express easement that runs through property owned by Charles Johnny Sapp. This is the second appearance in this Court of this case. In *Brown v. Sapp*, 351 Ga. App. 352 (829 SE2d 169) (2019), this Court reversed the trial court's denial of summary judgment to Brown on the issue of whether he had abandoned the easement. Id. at 354 (1). We otherwise affirmed the trial court's order denying summary judgment to Brown and Sapp. Id. at 354 (2)-(3). Following remittitur, the trial court held a bench trial. On appeal in Case No. A23A0505, Brown contends that the trial court erred by concluding that he was not entitled to damages, injunctive relief, or attorney fees. In Case No. A23A0533, Sapp argues that the trial court erred by failing to find that the

easement had been abandoned and by not applying the doctrine of laches. For the following reasons, we affirm in both cases.

On appeal from a bench trial, we view the evidence in the light most favorable to the trial court's rulings. See *Gibson v. Gibson*, 301 Ga. 622, 624 (801 SE2d 40) (2017). So viewed, the record shows that Brown purchased property on the bank of Muckalee Creek in 1972. The warranty deed included the conveyance of an easement which originated in 1947. The easement, which is on Sapp's property, is described as "a strip of land approximately sixteen (16) feet in width . . . located on the South side of the tract . . . and then proceed[ing] North along the East side of said tract . . . for ingress and [e]gress for vehicular traffic[.]" Sapp received his property in 1967 "subject to easements of record." Shortly after Sapp received his property, he had what is now known as "Sapp Road" constructed primarily on the northern portion of his property. Brown has used Sapp Road to access his property since he purchased it in 1972. The original location of the easement is undeveloped and not maintained.

In 2015, Brown sued Sapp, seeking, inter alia, to have Sapp "rebuild" the easement at its original location. Brown also sought damages, injunctive relief, and attorney fees.

After this Court reversed the trial court's denial of summary judgment to Brown on the issue of whether he had abandoned the easement, see *Brown*, 351 Ga. App. at 354 (1), the trial court issued an order granting Brown summary judgment on the abandonment issue and found as a matter of law that the easement had not been abandoned. Following a bench trial, the trial court found that the easement had been relocated when Sapp built Sapp Road. The trial court held that Sapp was not under any duty to "rebuild" the easement in its original location or pay damages. The trial court also denied Brown's requests for injunctive relief and attorney fees. Because this Court had already decided the issue, the trial court declined to address Sapp's contention that the easement had been abandoned. In addition, the trial court held that Sapp had waived the defense of laches. These appeals followed.

"In the appellate review of a bench trial, we will not set aside the trial court's factual findings unless they are clearly erroneous, and this Court properly gives due deference to the opportunity of the trial court to judge the credibility of the witnesses. But when a question of law is at issue, we review the trial court's decision de novo." (Citation and punctuation omitted.) *Spruell v. Spruell*, 356 Ga. App. 722, 724 (848 SE2d 896) (2020).

1. Brown argues that the trial court incorrectly found that Brown provided implied consent to the relocation of the easement and, as a result, erroneously concluded that damages were not appropriate. We disagree.

"[A]n easement with a fixed location cannot be substantially changed or relocated without the express or implied consent of the owners of both the servient estate and the dominant estate, absent reservations contained in the instrument creating the easement." *Herren v. Pettengill*, 273 Ga. 122, 123 (2) (538 SE2d 735) (2000). Whether an easement has been relocated with the consent of the owners of the servient estate and the dominant estate is a question of fact for the trier of fact. See *R.C. Acres, Inc. v. Cambridge Faire Properties, LLC*, 331 Ga. App. 762, 766 (1) (771 SE2d 444) (2015) (whether an easement was relocated by the agreement of the parties to several different routes during the period in question was a question of fact for the jury). Here, based on evidence presented at the bench trial, the trial court found that "Brown and/or his predecessor in title . . . consented by implication to the relocation of the express easement[.]" Because there is no transcript of the bench trial, we assume that the evidence presented at the bench trial supports this finding by the trial court. See *Jones v. State*, 226 Ga. App. 608, 608 (487 SE2d 89) (1997) ("It is

4

well-settled law that without a transcript to review, this [C]ourt must assume as a matter of law that the evidence at trial supported the court's findings.") (citation and punctuation omitted). Consequently, Brown has not shown that the trial court erred in concluding that Sapp is not obligated to pay damages to Brown.

2. Brown also contends that the trial court incorrectly held that he was not entitled to injunctive relief. Again, we disagree.

Brown sought an injunction precluding Sapp from interfering with Brown's use and development of the easement in its original location. The trial court denied Brown's claim for injunctive relief on the grounds that Brown and/or his predecessor-in-title had consented by implication to the relocation of the easement. On appeal, Brown argues that the trial court should have instead determined whether his use or enjoyment of the easement was disrupted or obstructed. But Brown's argument that he is entitled to injunctive relief is premised on his contention that neither he nor his predecessors-in-interest consented to the relocation of the easement. As discussed in Division 1, because there is no transcript of the bench trial, we assume that the evidence presented at the bench trial supports the trial court's finding that Brown and/or his predecessor-in-title consented by implication to the relocation of the

5

easement. See *Jones*, 226 Ga. App. at 608. Consequently, Brown has not shown error on appeal.

3. Brown contends that the trial court erred when it denied his claim for attorney fees under OCGA § 13-6-11. Based on our rulings in Divisions 1 and 2, the trial court did not err when it dismissed Brown's claim for OCGA § 13-6-11 attorney fees. See *United Cos. Lending Corp. v. Peacock*, 267 Ga. 145, 147 (2) (475 SE2d 601) (1996) ("A prerequisite to any award of attorney fees under OCGA § 13-6-11 is the award of damages or other relief on the underlying claim[s].").

*Case No. A23A0533*

4. In his cross-appeal, Sapp contends that the trial court erred by failing to find that the easement had been abandoned. When this case was previously before this Court, we held that there was no genuine issue of material fact regarding abandonment of the easement and that Brown was therefore entitled to summary judgment on this issue. *Brown*, 351 Ga. App. at 354 (1). Consequently, whether the easement had been abandoned was not an issue for the factfinder. See OCGA § 9-11-60 (h) ("[A]ny ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the

6

Supreme Court or the Court of Appeals as the case may be.") Therefore, the trial court did not err by failing to find that the easement had been abandoned.

5. Sapp also contends that the trial court erred by not applying the doctrine of laches. OCGA § 9-11-8 (c) requires a defendant to set forth affirmatively the defense of laches. Pretermitting whether this issue is moot given our ruling in Division 2, Sapp has not shown that the defense of laches was properly raised below. Consequently, the trial court did not err by concluding that Sapp waived the defense of laches.

*Judgments affirmed. Dillard, P. J., and Pipkin, J., concur.*