

SUPREME COURT OF GEORGIA
Case No. S20C1464

February 15, 2021

The Honorable Supreme Court met pursuant to adjournment.

The following order was passed:

GWINNETT COUNTY v. CITY OF NORCROSS et al.

The Supreme Court today denied the petition for certiorari in this case.

*All the Justices concur, except Bethel, J., who dissents.*

Court of Appeals Case No. A20A1033

**SUPREME COURT OF THE STATE OF GEORGIA**
Clerk's Office, Atlanta

I certify that the above is a true extract from the minutes of the Supreme Court of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

, Clerk

S20C1464. GWINNETT COUNTY v. CITY OF NORCROSS, et al.

B ETHEL, Justice, dissenting.

Rain will continue to be in the Georgia forecast. And when it comes, the water will flow downhill. In a State with a growing urban footprint featuring ever increasing impervious and less permeable surfaces, the problem of flooding is certain to grow. Additionally, the proliferation of municipalities in those urbanized settings presents the possibility of a large number of situations where, as here, built assets are essentially stranded in high density areas. These assets need only neglect from the local governing authorities to become liabilities. When they do, counties bear a significant exposure that, I suspect, is not on many of their risk management profiles because they believe municipalities are responsible for regulating storm water infrastructure within their limits, regardless of the origin story of the infrastructure.

Here, the City of Norcross accepted the annexation of certain developed property into its corporate boundary. That property had

1

existing storm water management infrastructure that was required by Gwinnett County when the improvements on the property were constructed. That infrastructure was dedicated to public use for purposes of maintenance and inspection. Because the land is now within the Norcross city limits, it is subject to the city's storm water management fee and no longer subject to Gwinnett County's storm water management fee.[1] Moreover, Norcross and Gwinnett County have agreed pursuant to a Service Delivery Strategy Agreement that Norcross will provide storm water services within its municipal boundaries. Nevertheless, Norcross contends that Gwinnett County is responsible for the maintenance and repair of the storm water assets in question because there has been no legal transfer of the responsibility for them from Gwinnett County to Norcross.

---

[1] In communities across Georgia, storm water management funding is addressed in a number of ways. Both the City of Norcross and Gwinnett County have elected to charge a fee based on impervious or less permeable surfaces as a means of determining the volume of precipitation added to the system due to the development of the property.

Norcross may well be correct, and our precedent, which was heavily relied upon by the Court of Appeals, seems to favor its position in this case. See *Fulton County v. City of Sandy Springs*, 295 Ga. 16, 17 (757 SE2d 123) (2014) (holding that county retained an obligation to maintain storm water management infrastructure located on property annexed by municipality). However, that decision does not squarely answer the question before us.

In *Fulton County*, the infrastructure in question was physically constructed by the county prior to the annexation of the property by the city.[2] Id. at 16. Moreover, *Fulton County* involved the construction of detention ponds on land subject to easements *and in part owned in fee by the county* as the result of condemnation. Id. Additionally, *Fulton County* does not appear to address a situation

_____

[2] In rejecting Fulton County's argument that it was constitutionally prohibited from operating a storm water collection system within a municipality without contractual authority, see Ga. Const. of 1983, Art. IX, Sec. II, Par. III, this Court pointed in part to the fact that Fulton County was merely being required to maintain what it had "previously decided to build." Id. at 17.

in which the county and city have entered into a service delivery strategy agreement or how such agreement might outline (or alter) the local governments' responsibility for the maintenance of storm water infrastructure on property annexed by the city. In light of the serious implications for communities and local governments across Georgia, these factors and the arguments found in Justice Benham's dissent in *Fulton County*, raise issues of gravity and public importance that warrant our granting review of the Court of Appeals' decision in this case.

For these reasons, I would grant the petition for certiorari sought by Gwinnett County in this case. Thus, I respectfully dissent.

Because I have been unable to persuade a majority of my colleagues on this Court to grant a writ of certiorari in this case, I also write to suggest that the General Assembly give swift attention to this very significant issue. I will not endeavor to suggest what policy solutions would best address this scenario, but I will suggest that making sure that local governments have a clear

4

understanding of who is responsible for this type of infrastructure is in everyone's best interest. And in the event the legacy jurisdiction is deemed to be the properly responsible party, it should have clear authority to access and maintain storm water infrastructure and a means to fund such efforts.